### BERNER & FREEDMAN v. WALKER et al.

(Supreme Court, Appellate Term.   May 7, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—ATTACHMENT—CLAIMANTS' BONDS—ACTIONS.

Under Municipal Court Act (Laws 1902, pp. 1517, 1518, c. 580) §§ 85, 86, authorizing a claimant to the property attached to give a bond conditioned that in an action thereon to be commenced within three months the claimant will establish that he was the general owner of the property at the time of the seizure, or if he fails so to do that he will pay to plaintiff the value thereof, and providing that a judgment for plaintiff must award to him the value of the property delivered to the claimant, etc., an action on a claimant's bond must be brought by plaintiff in the attachment within the time specified.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. LIMITATION OF ACTIONS (§ 5*)—STATUTES—CONSTRUCTION.

Code Civ. Proc. § 405, authorizing a second action after the expiration of the time limited for an action, when considered in connection with section 414, declaring that the provisions of the chapter shall not apply to a case where a different limitation is specially provided by law, does not apply to an action on a bond given by a claimant to attached property, as authorized by Municipal Court Act (Laws 1902, p. 1517, c. 580) § 85.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 5.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Berner & Freedman, a corporation, against Frank Walker and another. From a judgment for plaintiff, defendants appeal. Reversed, and complaint dismissed.

616 116 NEW YORK SUPPLEMENT. (Sup. Ct.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Philip Cohen, for appellants.

Hartman & Levy (Hugo Levy, of counsel), for respondent.

GILDERSLEEVE, P. J. This appeal arises from the following undisputed state of facts:

The plaintiff herein on July 20, 1908, brought an action in the Municipal Court against one Sam Knee and another, and an attachment was issued and a levy made upon property alleged to be owned by the defendants in that action. The defendant Walker, claiming to be the owner of the attached property, executed with the defendant Bitz a bond and delivered the same to the marshal, who thereupon approved the same and released the attachment levy. The condition of the bond, as provided for in section 85 of the Municipal Court act (Laws 1902, p. 1517, c. 580), is:

"That, in an action upon the bond to be commenced within three months thereafter the claimant will establish that he was the general owner of the property claimed at the time of the seizure, or if he fails so to do that he will pay to the plaintiff the value thereof, with interest."

Upon July 29, 1908, the plaintiff brought an action upon the bond, which action was adjourned from time to time until November 12, 1908, when it was discontinued. On November 16, 1908, the present action was brought upon the bond, which it will be seen was some 29 days over the 3-month limitation specified in section 85, supra, within which an action must be begun. The defendants interposed a general denial and pleaded the statutory limitation named in said section 85. Plaintiff recovered a judgment, from which the defendants appeal.

It is urged by the respondent herein that it was the duty of the appellants to begin the action upon the bond. The reading of section 85 alone would possibly leave this question in some doubt; but by reading section 86 of the act it is clear that the action named in section 85 is to be brought by the plaintiff in the attachment suit, as it provides that:

"If successful the judgment must award to him the value of the property delivered to the claimant; and if the amount so recovered exceeds the amount which the plaintiff recovers in the action in which the warrant of attachment was issued, he is liable to the defendant for the excess."

In other words, it makes the sureties in the bond liable to the plaintiff in the attachment suit for the full value of the goods attached, no matter what the amount of the attachment debt may be, and leaving the plaintiff in the attachment suit liable to the defendant in such suit for any excess recovered by the plaintiff in the attachment suit against the sureties in the bond, above the amount of the attachment debt. Moreover, the section provides that the action is to be brought "upon the bond," and if the sureties in the bond are to begin an action upon the bond such action, if plaintiff's reasoning be correct, must be brought against themselves.

Concededly this action was not brought within the time limit of section 85. The plaintiff, however, seeks to evade this situation by invoking the provisions of section 405 of the Code of Civil Procedure. That section, so far as material herein, reads as follows:

"If an action is commenced within the time limited therefor, and a judgment therein is reversed upon appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, * * * the plaintiff * * * may commence an action for the same cause, after the expiration of the time so limited and within one year after such reversal or termination."

This section is a part of chapter 4, and chapter 4 relates wholly to the "limitation of the time of enforcing a civil remedy." It specifies the several causes of action, and limits the time within which such actions must be commenced. Section 405 is one of the general provisions applicable to the several special provisions of said chapter, and applies only to those several causes of action enumerated in said special provisions. It has no reference, and is not applicable, to a case of this kind; and section 414 expressly declares that the provisions of this chapter shall not apply to "a case where a different limitation is specially provided by law or a shorter limitation is prescribed by the written contract of the parties."

It is also the fact that the judgment roll of the previous action, offered in evidence in this action shows, apparently, that such action was discontinued voluntarily by the plaintiff, or on plaintiff's application, which would, if true, be a barrier to plaintiff's second action under section 405, supra, even if said section was applicable.

Judgment reversed, and complaint dismissed, with costs to appellants in this court and in the court below. All concur.