## WOLF v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.   October 11, 1923.)

No. 3772.

**1. Bribery ⟨key⟩1(2)—Acts constituting violation of statute.**

Under Penal Code, § 39 (Comp. St. § 10203), it was not necessary to a conviction for bribery to insure immunity from prosecution for violations of the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a), that contraband liquors were actually transported from one state to another or that the officer actually furnished the contemplated protection, or that he had authority to arrest defendant, as mere passive refraining from making proper reports of violations, or advising the briber when the way was clear from danger of interference by government officials, would be a violation of his official duty, and the offense was complete when the money was paid with intent to influence the officer's duty.

**2. Bribery ⟨key⟩13—Directed verdict properly refused.**

In a prosecution, under Penal Code, § 39 (Comp. St. § 10203), for bribery of deputy United States marshal, *held*, that there was no error in refusing to direct verdict for defendant under the evidence.

**3. Criminal law ⟨key⟩741(1), 742(1)—Weight and credibility of evidence for jury.**

Credibility of witnesses and the weight of the testimony are for the jury.

**4. Criminal law ⟨key⟩762(3)—Charge held not to erroneously exploit government's contention by expressing opinion as to weight of evidence.**

A charge expressing belief that government witnesses were trying to tell the truth, but also calling attention to the fact that they were accomplices, and to the care and caution with which their testimony should be considered, *held* not objectionable, as erroneously exploiting the government's contention by expressing court's opinion that the weight of the evidence was with the government and against the accused.

**5. Criminal law ⟨key⟩762(2)—Expressions of opinion as to defense of alibi held not reversible error.**

Where, in connection with expressions of opinion as to defendant's defense of alibi, the court distinctly told the jury these matters were for them to determine, irrespective of his opinion, and if they believed the testimony as to alibi to be true, or had any reasonable doubts as to whether it was true, then it should prevail, *held*, that no reversible error was committed.

**6. Jury ⟨key⟩120—Challenge to array and panel must be accompanied by proof or offer of proof of fact.**

On challenges to the array and the panel, because members thereof had participated in certain other trials and had heard trial court's statement in discharging a juror from further service, proof of the matters contained therein must be made or offered.

**7. Criminal law ⟨key⟩1115(2)—Failure of trial court to assert falsity of ground for challenge not judicial admission of truth.**

Though the truth or falsity of facts asserted as grounds of challenge to array and panel was within the knowledge of the trial judge, his failure to assert their falsity cannot be accepted on appeal as a judicial admission of their truth.

**8. Criminal law ⟨key⟩655(4)—Jury ⟨key⟩109—Court not authorized to indicate discharge of juror was rebuke for failure to convict in another case.**

The court had a perfect right to discharge from further service a juror who favored acquittal in another case, if he thought him to be an unfit juror; but the discharge should not be made in the presence of

other jurors in such way as to indicate that it was a rebuke for failure to convict.

**9. Jury ⊙⟩127—Challenge of juror held properly disallowed.**

A challenge during the trial of a juror who testified for the state in another case was properly disallowed, if counsel should have known of his testimony in such other case before accepting him, and if the questions on his voir dire were not such as naturally to elicit such facts.

**10. Criminal law ⊙⟩1182—Direction to entertain motion for new trial not inconsistent with an affirmance.**

It is not inconsistent with an affirmance to direct in the interest of justice that, on the coming down of the mandate, the District Court entertain a further motion for a new trial.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

H. B. Wolf was convicted of bribery, and brings error. Judgment affirmed, with instructions to hear and decide motion for new trial, if made.

Ralph Davis, of Memphis, Tenn., for plaintiff in error.

W. H. Fisher, Asst. U. S. Atty., of Memphis, Tenn. (S. E. Murray, U. S. Atty., and A. A. Hornsby, Asst. U. S. Atty., both of Memphis, Tenn., on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. This writ is to review a conviction of plaintiff in error upon an indictment under section 39 of the Penal Code (Comp. St. § 10203) charging bribery of Tyree Taylor as deputy United States marshal for the Western district of Tennessee—broadly speaking, to insure immunity of plaintiff in error from prosecution or molestation by the government's officers on account of the violation of the Reed Amendment (Act March 3, 1917, c. 162, 39 Stat. 1058, 1069; Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a). Except as to date and amount of alleged bribes, the indictment is substantially the same in detail as that in the Hindman Case (No. 3795) 292 Fed. 679, this day decided. The case belongs to the general group which includes the Tuckerman (No. 3791), Wilkes (No. 3810), Berryman (No. 3826), and Wallace (No. 3800) bribery cases (291 Fed. 958, 972), as well as the conspiracy cases of Robilio and others (No. 3792) and Wilkes and others (No. 3783), all decided June 29th last (219 Fed. 975, 988).

There was no error in overruling demurrer to the indictment on the grounds that there was no allegation that intoxicating liquors for other than the permitted purposes mentioned in the act were transported from a foreign state into Shelby county, Tenn.; that Taylor would not, in the execution of his legal duties, have the right to arrest without a warrant (in a misdemeanor case) for the doing of an act of commission in violation of federal law until the performance by the wrongdoer of some overt act; that the indictment should not be construed as charging an intention by Taylor to do or refrain from doing any part of his legal and official duties, in the absence of averment of overt act of commission in violation of federal law within the jurisdiction of the court; and, generally, that the indictment does not

---

⊙⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

state an offense under the federal laws, nor does it set forth the facts sufficiently to protect plaintiff in error, in case of conviction, from a second prosecution for the same offense.

[1] Section 39 of the Penal Code condemns the giving of "any money * * * to any officer of the United States * * * with intent * * * to induce him to do or omit to do any act in violation of his lawful duty." It was not necessary to conviction thereunder that contraband liquors be actually transported into Tennessee from another state, or that Taylor actually furnish the contemplated protection. Nor is it especially important to consider the limitations upon the authority of a deputy United States marshal to arrest without a warrant. A refraining by Taylor from arresting plaintiff in error with or without warrant is not the only violation or omission of duty charged to have been in contemplation of plaintiff in error; nor was such refraining from arrest the only means by which Taylor could, at least measurably, protect plaintiff in error in clandestinely bringing liquor into Memphis. Mere passive refraining on his part from making proper reports of violations of federal law, or advising the briber when the river was clear from danger of interference by government authorities, would be a violation of his official duty. The offense was complete when the money was paid with intent to influence the officer's duty in the respects charged in the indictment. Cf. Rembrandt v. United States (C. C. A. 6) 281 Fed. 122. We think the indictment sufficiently specific to enable plaintiff in error to prepare his defense and to protect him from a second prosecution for the same offense.

[2, 3] There was no error in refusing to direct verdict for defendant. There was express testimony by both Taylor and his wife of the actual payment by defendant to Taylor of $400 on May 12, 1919, for the purpose of obtaining protection or "clearances" in connection with bringing in liquor. There was corroboration by testimony of the government witnesses (who listened in over the tapped wire) of Mrs. Taylor's testimony of telephone conversations with defendant on two or three different occasions subsequent to May 12, 1919. While defendant fully denied all the dealings and conversations referred to, and presented testimony of himself and other witnesses that he was not in Memphis, but was in Caruthersville, on May 12, 1919, there yet remained competent and substantial testimony tending to support the indictment, and which, if believed, justified conviction. The question presented was thus one of credibility of witnesses. We cannot weigh the testimony. Burton v. United States, 202 U. S. 373, et seq., 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392, et seq.; Kelly v. United States (C. C. A. 6) 258 Fed. 406, 407, 169 C. C. A. 408.

Nor do we see any force in the contention of lack of testimony that defendant transported intoxicating liquors for beverage purposes from Caruthersville into Shelby county, Tenn. Such consideration goes only to the credibility of the government's testimony. Indeed, Mrs. Taylor testified that she gave plaintiff in error a "clearance" for the Saturday night following the alleged payment, but that plaintiff in error failed to "get his whisky in."

[4] Complaint is made that in the charge to the jury the court erroneously exploited the government's contention by expressing his opinion that the weight of the evidence was with the government and against the accused, and by directly commenting upon the insufficiency of the latter's evidence. We think the charge not subject to this criticism. True, the court did express his belief that Taylor and his wife were trying to tell the truth about the subject-matter in question; and as corroboration of these witnesses called attention to the testimony of the government's witnesses as to listening in over the telephone; also some other considerations inducing such belief on the part of the trial judge. But the question of credibility was unequivocally left to the jury to determine as within their exclusive domain. The claims of both the government and of the defendant were stated with considerable fullness, and in our opinion the charge cannot be said to exploit the government's theory. Attention was called to the fact that Taylor and his wife were accomplices and to the care and caution with which their testimony should be considered. We think the charge in these respects no more unfavorable to defendant than that discussed in the Tuckerman Case (No. 3791) 291 Fed. 958, which we held did not unwarrantably trench upon the jury's province.

Criticism is made of the court's instructions regarding the defense of alibi, both as to the legal rule applicable to such defense and as to the facts bearing thereon. The statements as to the necessity of thoroughly establishing such defense must be read in connection with the instruction to acquit if the proofs supporting the defense of alibi raised upon the whole case a reasonable doubt, and so read were, in the opinion of a majority of the court, not erroneous. The comment on the testimony relating to alleged alibi was severely derogatory to this defense; but certain substantial evidence produced by defendant thereon had been conceded to be untrue, the suggested explanation thereof might well be thought seriously to test credulity, and under the unusual existing circumstances the majority of the court is not prepared to say that the trial judge transgressed the permissible limits of comment. See Fielder v. United States (C. C. A. 8) 227 Fed. 832, 833, 142 C. C. A. 356; Shea v. United States (C. C. A. 6) 251 Fed. 433, 439, 163 C. C. A. 451. See, also, the discussion in Tuckerman and Wallace Cases, supra.

[5] In connection with these expressions of opinion the court distinctly told the jury that these matters were for them to determine, irrespective of his opinion, and that what he had said was simply his private and personal opinion about the testimony, and in submitting the question whether the alibi was a subterfuge the jury was told that "if you believe it to be true, or have any reasonable doubts as to whether it is true, then it should prevail and defendant should be acquitted." In our opinion reversible error was not committed by these instructions, in view of everything that occurred upon the trial, including the charge as a whole.

Before the jurors were examined upon their voir dire, defendant, in writing, challenged successively the array and the panel, for the reasons generally that the members of both panel and array had acted

as jurors in one or another of the Tyree Taylor Cases (or had been in court during the trials), and so had heard the evidence of Taylor and his wife, which, as stated in the challenges, was the sole reliance of the government in support of the prosecution, and so could not now give to the defendant a fair and impartial trial because their minds must of necessity be prejudiced against defendant after hearing the testimony of Taylor and his wife, and the court's expression of his belief in the truth thereof, these propositions being set out with much more elaborateness than here stated. The other ground of challenge was to the effect that each member of the array or panel had heard or had communicated to him the statement of the trial court in discharging the juror Mahannah, who was stated to have favored the acquittal of one Boyle in another Tyree Taylor Case, and that such action and declaration on the part of the trial judge were bound to engender ill will against the accused, and acceptance of the statements of Taylor and his wife as conclusive evidence of the guilt of defendant, and thus deprive him of a fair and impartial jury. Both these challenges were overruled.[1]

In the course of the trial, after both Mr. and Mrs. Taylor had testified, defendant's counsel announced in open court that he had just been advised that Juror Patton, who was one of the panel trying the accused, had testified for the government in the case of United States v. Hottum, tried in that court during the preceding week (on a charge of bribing Taylor), to the effect that he knew Taylor, had known him for a number of years, knew his reputation among his neighbors, associates and acquaintances in the community in which he lived, for truth and veracity, and that such reputation was good. Counsel added that, when he interrogated Juror Patton on his voir dire (presumably in the instant case), the latter had not answered that he knew Taylor or had appeared as a witness for the government in the Hottum Case. Defendant's motion that a juror be withdrawn and a mistrial entered was denied. A motion for a new trial of the instant cause contained a statement that when Juror Patton was tendered for jury service in the case of United States v. Hindman (apparently within a few days after the trial of the instant case) he stated on his voir dire that he could not be fair and impartial as between the government and Hindman, in view of the fact that he would accept any statement by Taylor and Mrs. Taylor as, true, and would do so independently of any rule stated to the jury by the court for the purpose of aiding the jury in determining what weight it should give the respective witnesses testifying both for the government and the accused, and that the trial court thereupon sustained a challenge for cause, interposed by counsel for Hindman.[2]

For the reason stated in the Wilkes Case (No. 3793) supra, as to differences existing in issues and in conditions under which ques-

[1] The gist of the asserted Mahannah incident is that, the court having learned by its own inquiry that the jury stood eleven to one for conviction, and Mahannah, in answer to further inquiry, having said he had favored acquittal, was immediately dismissed from the panel and from further jury service.

[2] We find no denial of this statement so contained in motion for new trial.

tions of credibility of Taylor and his wife arose, as compared with the credibility of other and usually different defendants, we think the charge of disqualification of jurors generally because of sitting upon or being present during the trial of other cases is not well taken.

[6-9] Upon the challenges to the array and the panel no proof of the matters contained therein was made or offered, and a majority of the court is of opinion that a challenge of this nature falls within the general rule recognized in Mamaux v. United States (C. C. A. 6) 264 Fed. 816, 818 et seq., and Smith v. Mississippi, 162 U. S. 592, 16 Sup. Ct. 900, 40 L. Ed. 1082; Martin v. Texas, 200 U. S. 316, 26 Sup. Ct. 338, 50 L. Ed. 497, as to requirement of proof or offer of proof of fact in support of the challenge. Nor do we find in the record or in briefs of counsel an admission by either court or counsel of the truth of the statements as to the Mahannah incident, although we find no denial thereof. True, the truth or falsity of the asserted facts was within the knowledge of the trial judge; but, in the opinion of a majority of this court, his failure to assert their falsity cannot be accepted as a judicial admission of their truth. We therefore cannot say from the record that the trial court erred in not sustaining the challenge based upon that alleged incident. Somewhat similar considerations apply to the Patton incident. There is no proof whether or not the fact that this juror testified as a character witness in the Hottum Case should have been known to counsel before accepting him as a juror in the instant case. Nor is there any evidence as to what questions were put to Patton by counsel upon his voir dire in the instant case, and thus whether the questions put should have brought out the juror's acquaintance with Taylor.

The court had a perfect right to discharge the juror Mahannah if thought to be an unfit juror, but the discharge should not be made in such way as to indicate that it was a rebuke for failure to convict. It does not appear by proof whether such dismissal was publicly had and in open court, and under such circumstances as naturally to indicate to the jurors in attendance that the discharge was made merely because the juror voted for acquittal in a case where the verdict depended upon the credit to be given the testimony of the respective witnesses. If the discharge was so made, and in the presence or within the presumed knowledge of jurors upon the panel which tried plaintiff in error, its effect upon the whole panel would plainly have been such that no other case involving the issue of Taylor's credibility ought to have been tried by that panel. A majority of the court is of opinion that the challenge of Patton was properly disallowed, if counsel should have known of his testimony in the Hottum Case before accepting him as a juror in the instant case, and if the questions put to him on his voir dire were not such as naturally to elicit such fact. Under a contrary situation, defendant would be entitled to complain that he has not had a fair trial.

While, therefore, a majority of the court does not feel warranted in reversing the judgment for the overruling of either challenge or for the refusal of motion to order a mistrial, yet, in view of the entire record, including the statement of the exclusion of Juror Patton for

cause in the Hindman Case, we think plaintiff in error should be given opportunity to present anew the questions raised as to both Juror Patton and Juror Mahannah.

[10] We do not think it is inconsistent with an affirmance upon the present record to direct, as we do in the interest of justice, that upon the coming down of the mandate the District Court entertain a further motion for a new trial, based upon these two incidents; and if it is made to appear that the disqualification of Juror Patton was unknown to defendant's counsel in spite of reasonable diligence on his part, or that Mahannah's discharge had been of the objectionable character stated, the judgment should be set aside and a new trial granted.

The judgment is affirmed, but with instructions to hear and decide such motion for a new trial, if made within 10 days after mandate filed; otherwise, the judgment will be executed.