## HINDMAN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. October 11, 1923.)

No. 3795.

1. **Indictment and information ⬅121(2)—Accused held entitled to ask for bill of particulars.**

   If accused, charged with bribery, desired further particulars as to the date and method of payment of the alleged bribe, it was proper practice to ask a bill of particulars thereof.

2. **Criminal law ⬅1149—Indictment and information ⬅121(1)—Motion for bill of particulars addressed to sound discretion of trial court.**

   A motion for bill of particulars is addressed to the sound discretion of the trial court, whose denial thereof is ordinarily not reviewable.

3. **Criminal law ⬅1116—Record held not to show error in denying bill of particulars.**

   Where the record contained no information as to the respect in which bill of particulars was asked, and the motion was not in the record, and no mention made of it, except an entry overruling "motion heretofore filed for a bill of particulars," and no question of variance was raised until its inclusion as ground of a motion, made at the close of the testimony, for direction of verdict, the appellate court is not at liberty to assume the existence of error in denial of the motion.

4. **Bribery ⬅11—Evidence held to sustain conviction.**

   Evidence *held* to sustain a conviction for bribery of a deputy United States marshal under Penal Code, § 39.

5. **Criminal law ⬅1159(2)—Appellate court cannot weigh testimony.**

   The appellate court cannot weigh the testimony.

6. **Criminal law ⬅1086(14)—No review of charge, in absence of exception.**

   Where no exception appears in record as to charge expressing opinions of the judge, plaintiff in error is not entitled as of right to review thereof.

7. **Criminal law ⬅762(2)—Expression of opinion by judge held not error.**

   Expressions of opinion by the judge in his charge to the jury did not constitute error, where in connection therewith the jury was distinctly told that these matters were left for them to determine, irrespective of the court's opinion.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8. Jury ☞120—Proof or offer of proof of fact in support of challenge necessary.**

A challenge to the panel or the array, because members thereof heard statements of judge in dismissing juror from further service, must be accompanied by proof or offer of proof of the facts in support thereof.

**9. Criminal law ☞655(4)—Juror should not be discharged, so as to indicate rebuke for failure to convict in another case.**

Though the court had a perfect right to discharge a juror, if it thought him to be unfit, the discharge should not be made in such a way as to indicate to other jurors that it was a rebuke for a failure to convict in another case.

**10. Criminal law ☞1182—Instruction to hear motion for new trial not inconsistent with affirmance.**

It is not inconsistent with an affirmance of a conviction to direct, in the interest of justice, that on the coming down of the mandate the District Court entertain a further motion for a new trial, based on a certain incident, claimed to have occurred in presence of jurors.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Walter T. Hindman was convicted of bribery, and brings error. Affirmed, with instructions to hear and decide a motion for new trial, if made.

Ralph Davis, of Memphis, Tenn., for plaintiff in error.

W. H. Fisher, of Memphis, Tenn. (S. E. Murray, U. S. Atty., and A. A. Hornsby, Asst. U. S. Atty., both of Memphis, Tenn., on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. This writ is to review conviction of plaintiff in error upon an indictment under section 39 of the Penal Code, charging bribery of Tyree Taylor, as deputy United States marshal. The case belongs to the general group which includes the Tuckerman (No. 3791), Wilkes (No. 3810), Berryman (No. 3826), and Wallace (No. 3800) bribery cases (291 Fed. 958, 972), as well as the conspiracy cases of Robilio et al. (No. 3792) and Wilkes et al. (No. 3783), all decided June 29th last (291 Fed. 975, 988), as well as the bribery case of Wolf v. United States (No. 3772) 292 Fed. 673, this day decided. The indictment charges plaintiff in error with having promised, offered, and given $200 to Tyree Taylor, then and there a deputy United States marshal for the Western district of Tennessee, with intent to induce Taylor, as such officer, to connive with defendant in his proposed transporting and causing to be transported in interstate commerce from another state into Shelby county, Tenn., certain intoxicating liquors for other than scientific, sacramental, medicinal, or mechanical purposes, in violation of the laws of the United States; Taylor to aid, assist, and protect defendant in such transportation, and to fail, refuse, and omit to report to the United States marshal or to the United States attorney, at Memphis, Tenn., the fact of such transportation by defendant and his agents, all in violation of the laws of the United States and the duty of such officer to apprehend defendant and his agents, if caught in the act of violating such federal laws, and of the duty of such deputy marshal to report to the United States mar-

shal or to the United States district attorney, at Memphis, Tenn., any violation of the federal statutes of which he had knowledge.

[1-3] Plaintiff in error complains of the denial of his application for a bill of particulars, and in connection therewith discusses an alleged variance between the indictment and the proofs, with respect to the date and manner of payment of the $200 in question, in this: That the indictment charges the payment "on or about the 7th day of May, A. D. 1919," in "good and lawful money of the United States," while the proofs show a payment of $200 about the middle of April, 1919, made one-half in currency and the remaining one-half by bank draft, delivered with the currency mentioned. If plaintiff in error desired further particulars as to the date and method of payment, it was proper practice to ask a bill of particulars thereof. Dierkes v. United States (C. C. A. 6) 274 Fed. 74, 79, and numerous decisions of the Supreme Court there cited; Rudner v. United States (C. C. A. 6) 281 Fed. 516, 518. The record, however, contains no information as to the respect in which the bill of particulars was asked. The motion is not in the record, nor do we find any mention of it, except in the entry overruling "motion heretofore filed for a bill of particulars." No question of variance seems to have been raised until its inclusion as ground of a motion made at the close of the testimony for direction of verdict in defendant's favor. In view of this record, and the general rule that a motion for bill of particulars is addressed to the sound discretion of the trial court, whose denial thereof is ordinarily not reviewable (Savage v. United States [C. C. A. 8] 270 Fed. 14, 18, 19, and cases there cited), we are not at liberty to assume the existence of error in such denial. Were we to assume that, had the proof shown a payment entirely by bank draft, a technical variance would appear, we cannot so assume, much less assume prejudicial error, where the proof shows payment of $200, one-half in cash and one-half in bank draft, delivered at one and the same time.

There was demurrer to the indictment upon the same grounds presented in the Wolf Case (No. 3772, C. C. A.) 292 Fed. 673, also challenges to the array and to the panel of jurors for the identical reasons urged in that case. The indictment in the instant case was in all material respects the same as in the Wolf Case except as to date and amount of alleged payment. For the reasons stated in our opinion in that case, we find no error in the action of the court in overruling the demurrer, or in denying the motion in arrest of judgment, and in refusing to sustain the challenges, for the reasons generally that the members of both panel and array had acted as jurors in one or another of the Tyree Taylor cases (or had been in court during the trials), had heard the evidence of Taylor and his wife, and so could not now give to the defendant a fair and impartial trial, because their minds must of necessity be prejudiced against defendant after hearing the testimony of Taylor and his wife, and the court's expression of his belief in the truth thereof, as more fully set forth in our opinion in the Wolf Case, supra.

[4, 5] In our opinion there was no error in refusing to direct verdict for defendant, on the ground of lack of substantial evidence of the com-

mission of the offense. The suggested variance calls for no further discussion. Taylor's express testimony of the payment of money and draft at the time and place asserted by him was undisputed, save by defendant's own denial. Taylor's testimony received corroboration not only by testimony of Mrs. Taylor as to telephone conversations with defendant regarding "clearances," but by the evidence that the draft in question was actually drawn by a Caruthersville bank upon a St. Louis bank, was presented by Mrs. Taylor to a Memphis bank for collection, and by the latter bank collected and the proceeds turned over to her. Taylor testified that he instructed defendant to mail the drafts to Mrs. W. M. Harris (she being then still the wife of W. M. Harris), that the draft was actually drawn to the order of "W. M. Harris," and indorsed by Mrs. Harris in that name. It also appeared that the draft was bought by the bookkeeper and general manager of the wholesale department of defendant's then existing liquor business at Caruthersville, and by him obtained and paid for by defendant's check (signed by such bookkeeper and general manager), upon the Caruthersville bank which issued the draft. There was thus competent testimony in support of the indictment, which did not cease to be substantial through defendant's denial of any dealings whatever with Taylor or Mrs. Taylor, nor because of asserted facts claimed to be inconsistent with the truth of the testimony of the government's principal witness, nor because of discrepancy, in at least one respect, between the testimony of Mr. and Mrs. Taylor, nor because of the testimony on defendant's behalf that his bookkeeper bought the draft for the accommodation of a named "riverman," who was not produced on the trial. The jury was properly instructed as to the weight to be given the testimony of accomplices and respecting evidence of character of defendant. The question presented was one of credibility of witnesses. As pointed out in our opinion in the Wolf Case, we cannot weigh the testimony. Burton v. United States, 202 U. S. at pages 373 et seq., 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392.

[6, 7] By brief of counsel, defendant complains of certain expressions of opinion by the judge in the charge to the jury. In connection with these expressions the jury was distinctly told that these matters were left for them to determine, irrespective of the court's opinion. We find in the record no exception whatever to the charge; and under the authorities cited in Robilio v. United States, supra, and as applied in the Wilkes Case, supra (No. 3783) 291 Fed. 988, plaintiff in error is not entitled as of right to review thereof. But if, for any reason, it is thought that lack of exception should be waived, the result is the same; for, in the opinion of a majority of this court, error was not committed in the instructions complained of, which we think within the rule applied in the Tuckerman Case, supra (No. 3791) 291 Fed. 958.

[8, 9] The only remaining question which to our minds calls for discussion relates to the so-called juror Mahannah incident referred to in our opinion in the Wolf Case, supra. The statement of that incident as contained in the challenges to the panel and the array is substantially, if not precisely, the same as in the Wolf Case. As stated in our opinion in the latter case, we think a challenge of this nature falls within

the general rule recognized in Mamaux v. United States (C. C. A. 6) 264 Fed. 816, 818 et seq., and other cases there cited, as to requirement of proof or offer of proof of fact in support of the challenge, and here, as in the Wolf Case, we cannot say from the record that the trial court erred in not sustaining the challenge based upon that alleged incident. As said by us in the Wolf Case: The court had a perfect right to discharge the juror Mahannah, if thought to be an unfit juror; but the discharge should not be made in such a way as to indicate that it was a rebuke for a failure to convict. As in the Wolf Case, it does not appear by proof whether such dismissal was publicly had and in open court, and under such circumstances as naturally to indicate to the jurors in attendance that the discharge was made merely because the juror voted for acquittal in a case where the verdict depended upon the credit to be given the testimony of the respective witnesses. As said in our opinion in the Wolf Case, if the discharge was so made, and in the presence or within the presumed knowledge of jurors upon the panel which tried plaintiff in error, its effect upon the whole panel would plainly have been such that no other case involving the issue of Taylor's credibility ought to have been tried by that panel.

We find neither in the record nor in briefs of counsel for the government an admission, either by court or counsel, of the truth of the statements regarding the Mahannah incident, although we find no denial thereof. While, therefore, for the reasons above stated, and as given in the opinion in the Wolf Case, a majority of the court does not feel warranted in reversing the judgment for overruling of either challenge or for the refusal of motion to order a mistrial therefor, yet, in view of the entire record, we think plaintiff in error should be given opportunity to present anew the question raised as to the juror Mahannah.

[10] As stated in our opinion in the Wolf Case, we do not think it is inconsistent with an affirmance upon the present record to direct, as we do in the interest of justice, that upon the coming down of the mandate the District Court entertain a further motion for a new trial, based upon that incident, and, if it is made to appear that Mahannah's discharge was of the objectionable character stated, the judgment should be set aside and a new trial granted.

The judgment is affirmed, but with instructions to hear and decide such motion for a new trial, if made within 10 days after mandate filed; otherwise, the judgment will be executed.