## BOYLES v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.   January 14, 1924.)

No. 3891.

Jury ⊂⇒116—Discharge in open court of single juror, who voted for acquittal on former trial, held ground for challenge to panel on second trial at same term.

Where it was shown that after a former trial of defendant, in which the jury disagreed, the one juror who voted for acquittal was discharged from the panel in open court, and in the presence of others of the panel, under circumstances indicating that his discharge was because of his failure to vote for conviction, and also that such discharge was prominently featured in the newspapers, such facts were good grounds for challenge to the panel on a second trial of defendant at the same term.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Criminal prosecution by the United States against Walter W. Boyles. Judgment of conviction, and defendant brings error. Reversed and remanded.

L. H. Graves, of Memphis, Tenn., for plaintiff in error.

W. H. Fisher, Asst. U. S. Atty., of Memphis, Tenn. (S. E. Murray, U. S. Atty., and A. A. Hornsby, Asst. U. S. Atty., both of Memphis, Tenn., on the brief), for the United States.

Before KNAPPEN and DENISON, Circuit Judges, and HICKS, District Judge.

PER CURIAM.   This case belongs to the group of so-called Tyree Taylor Cases, including Tuckerman v. United States, and other cases reported in 291 Fed. 958 to 995. The instant case prominently presents the incident of the discharge of the juror Mahannah, considered by this court in Wolf v. United States, 292 Fed. 673, 678, and Hindman v. United States, Id. 679, 682, 683, which incident occurred upon the disagreement of the jury on the first trial of the instant case.   In the Wolf and Hindman Cases, no proof of the allegations contained in the challenge was made or offered, and in neither record nor briefs was the truth thereof either admitted or denied by the court or by counsel for the government, and it was accordingly held that the denial of the challenge was not open to review. It was said, however (Wolf Case, 292 Fed. 678), that while the court had a perfect right to discharge the juror if thought to be an unfit juror, yet that the discharge should not be made in such way as to indicate that it was a rebuke for failure to convict, and that if the dismissal was publicly had, and in open court, and in the presence or within the presumed knowledge of the jurors upon the panel which tried the defendants then in question, and under such circumstances as naturally to indicate to the jurors in attendance that the discharge was made merely because the juror voted for acquittal in a case where the verdict depended upon the credit to be given to the testimony of the respective witnesses, its effect upon the whole panel would plainly have been such (we state

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the meaning as applied to the concrete situation) that members of such panel ought not to have been allowed to sit upon the panel which tried the defendants then before the court. The fact that the incident occurred on a former trial of the instant case naturally emphasizes the application of these considerations.

In the instant case the challenge asserted that all of the panel presented for the second trial belonged to the same panel who were present in court when the dismissal occurred, or were made fully acquainted with the action of the court. The challenge was verified by plaintiff in error "to the best of his information, knowledge and belief." It was further supported by another affidavit of plaintiff in error showing that the discharge of the juror Mahannah occurred in open court and under circumstances which, as narrated in the affidavit, would show that the discharge was so made as fairly to indicate that it was a rebuke for failure to convict; also that the proceeding "took place in open court and in the presence of a large number, if not all of the present jury panel." Presumably plaintiff in error was in court (he naturally would have been) when the jury which was trying him made its report, and so naturally would have some personal knowledge of the facts asserted in the affidavit. This affidavit also asserted that "the daily press of the city [Memphis] carried this story in large type [the newspaper accounts are substantially corroborative], and that if there were any jurors not present in open court they in all probability read the newspaper accounts" of the court's action. In one of the newspapers the report was carried under a large "scarehead," "Judge Ross Fires Juror;" another carried the heading, "Would Free Boyles; U. S. Juror Excused;" another, "Judge 'fires' Boyles Juror."

The subject-matter of the discharge and challenge is not denied or controverted, unless by what we understand to be the conceded fact, that the jury on the last trial had no juror on its panel who actually sat on the first trial; and that the record shows no voir dire examination of the jurors on the second trial with respect to their knowledge of the Mahannah incident and its effect upon them. We do not think this sufficient to overcome the natural presumption of prejudice from the facts shown. A voir dire examination of the nature suggested would not improbably be of itself more or less prejudicial. Moreover, we understand the government's counsel to concede in argument that the general panel for the second trial (which occurred at the same term and about a month after the first trial) included five jurors who were on the general panel at the time the juror was discharged. But, if we are mistaken in this understanding, it is unlikely that the incident occurring at the former trial could well be kept from the knowledge of the jurors on the second trial. We are therefore constrained to reverse the judgment of conviction.

In fairness to the trial judge it should perhaps be said that, according to one of the newspaper statements referred to, several hours before the jury made its final report, its inability to agree was reported; the foreman advising the court that no verdict was in sight unless the jurors could be assured of a mitigated sentence, to which the judge properly replied that the jury had nothing to do with and could not

properly consider the punishment. Possibly this episode may have influenced the action of the court in discharging the juror in question. But no such announcement was made.

Several other alleged errors are assigned, but we think that in the case of each of them the subject-matter is either covered by our decisions in the course of the other Tyree Taylor Cases, or is not so likely to arise on another trial as to require its consideration here.

The judgment of the District Court is reversed, and the record remanded, with directions to award a new trial.