### HUGHES v. UNITED STATES.
#### No. 8409.

Circuit Court of Appeals, Sixth Circuit.
June 27, 1940.

L. E. Gwinn, of Memphis, Tenn., for appellant.

C. P. J. Mooney, of Memphis, Tenn. (William McClanahan, C. P. J. Mooney, and R. G. Draper, all of Memphis, Tenn., on the brief), for appellee.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a conviction upon three counts of an indictment charging violations of the Mann Act (Title 18, U.S.C., §§ 398 and 399, 18 U.S.C.A. §§ 398, 399). Appellant was fined $2,000 and sentenced to five years' imprisonment on each count, the sentences upon the first and third counts to run concurrently.

Appellant moved to quash the first two counts, contending that they are barred by the three-year statute of limitations (Title 18, U.S.C., § 582, 18 U.S.C.A. § 582). A demurrer was also filed, attacking all three counts upon the ground (1) that the first and second counts were outlawed, and (2) that the third count is so indefinite and uncertain that it fails to state facts sufficient to constitute a crime under the statute. The District Court overruled both the motion to quash and the demurrer, and this action is assigned as error.

■ Prosecution of the offenses charged in the first two counts is barred by the three-year period of the statute of limitations unless the statute is tolled by action taken under the provisions of Title 18, §§ 587 and 588. A previous indictment in seven counts covering the same offenses had been returned by the grand jury and a motion to quash and a demurrer filed to this indictment had been sustained. Under leave of court a new indictment in three counts covering the same charges was presented, and returned during the same term of court at which the former indictment was quashed. The first and second counts of the present indictment are substantially the same as two counts of the former indictment, and thus in legal effect constitute a reindictment under the applicable provisions of the statute, Title 18, §§ 587 and 588, which read as follows:

§ 587. "Whenever an indictment is found defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned at any time during the next succeeding term of court following such finding, during which a grand jury thereof shall be in session."

§ 588. "Whenever an indictment is found defective or insufficient for any cause, before the period prescribed by the applicable statute of limitations has expired, and such period will expire before the end of the next regular term of the court to which such indictment was returned, a new indictment may be returned not later than the end of the next succeeding term of such court, regular or special, following the term at which such indictment was found defective or insufficient, during which a grand jury thereof shall be in session."

Appellant contends that as the present indictment was returned during the same term in which the defective indictment was quashed, the statute of limitations is not tolled because § 587 requires that the new indictment "be returned at any time during the next succeeding term of court." He relies upon United States v. Durkee Famous Foods, Inc., 306 U.S. 68, 59 S.Ct. 456, 83 L.Ed. 492, which holds that where an indictment is found insufficient after the period of the statute of limitations has expired, a new indictment may be returned during the next succeeding term, but that the statute does not authorize a reindict-ment at the same term during which the first indictment was found defective. See, also, United States v. Strewl, 2 Cir., 99 F.2d 474.

■ As to the first count of the indictment appellant's contention is sound. This count was found defective after prosecution of the offense was barred, and hence the ruling in United States v. Durkee Famous Foods, Inc., supra, controls as to this branch of the case. The first indictment was returned on June 15, 1937, in the April term of court for 1937, and the indictment herein was returned on March 29, 1938, in the October term, 1937. The offense charged in the first count is alleged to have occurred on or about July 5, 1934, and action thereon was barred on July 5, 1937. The first indictment was found defective during the October term, on October 5, 1937, which date, with relation to the first count, is "after the period prescribed by the applicable statute of limitations has expired," and § 587 as construed by the Supreme Court requires that the reindictment must be "returned at any time during the next succeeding term of court following such finding." Under United States v. Durkee Famous Foods, Inc., supra, reindictment on this count during the same court term is improper and ineffective to toll the statute. Appellant's motion to quash as to the first count of the indictment should have been sustained.

■ The offense charged in the second count of the indictment is alleged to have occurred on or about March 28, 1935, action thereon being barred on March 28, 1938. As to this count, the first indictment was quashed October 5, 1937, prior to the expiration of the period of limitation. The period of limitation also expired before the end of the next regular term of court. This sequence of events renders § 587, Title 18 U.S.C., 18 U.S.C.A. § 587, inapplicable to the second count, and makes applicable the succeeding section, § 588, which permits reindictment "not later than the end of the next succeeding term" where the first indictment has been found defective before the period of limitations has expired, providing such period expires before the end of the next regular term of court. The words "not later than" must be construed in their ordinary meaning, and in this provision are synonymous with the words "at any time prior to." On the second count, the wording of the statute

authorizes the filing of the reindictment during the same term in which the first indictment was found defective.

█ The meaning of the statute is clear. Congress evidently intended to provide for the tolling of the statute of limitations in two situations: (1) where the limitation period expired before the first indictment was found defective, in which case the reindictment must be returned only during the next succeeding court term (United States v. Durkee Famous Foods, Inc., supra), and (2) where the limitation period expired after the indictment was found defective (providing the limitation period expired before the end of the next court term), in which case the reindictment may be returned at any time during the same court term or the succeeding court term. United States v. Durkee Famous Foods, Inc., deals only with the first situation. We conclude that the court did not err in overruling the motion to quash as to the second count.

█ The demurrer to the first and second counts was properly overruled, for it was based upon the statute of limitations, and such a defense cannot be raised by demurrer. United States v. Cook, 84 U.S. 168, 17 Wall. 168, 21 L.Ed. 538. Cf. Biddinger v. Commissioner of Police, 245 U.S. 128, 135, 38 S.Ct. 41, 62 L.Ed. 193; Capone v. Aderhold, 5 Cir., 65 F.2d 130, 131.

█ Nor did the District Court err in overruling appellant's demurrer to the third count of the indictment. The third count is in the language of the statute, and charges a statutory offense. Appellant urges that the count is defective in that it fails to state facts to support the allegations of inducement and coercion, and also fails to specify the common carrier or the route thereof. Appellant filed no motion for a bill of particulars. The true test of the sufficiency of the indictment is whether it contains the elements of the offense intended to be charged, and sufficiently apprises the accused of what he must be prepared to meet, so that the judgment may be a bar to further proceedings against him for the same offense. Stumbo v. United States, 6 Cir., 90 F.2d 828; Bogy v. United States, 6 Cir., 96 F.2d 734. The purpose of a bill of particulars is to enable the accused to avoid surprise, and to enable him to prepare for trial. Dierkes v. United States, 6 Cir., 274 F. 75; Perez v. United States, 9 Cir., 10 F.2d 352; Hindman v. United States, 6 Cir., 292 F. 679. There is nothing in this case to indicate surprise or that the accused was not fully apprised of the charge against him.

█ The sentence and fine under the first count are invalid, and must be set aside. The sentence and fine under the valid third count are sustained. Since the sentence of imprisonment under the valid second count was made to run consecutively with the term of imprisonment imposed under the invalid first count, the case is remanded to the District Court, with instructions to re-sentence the appellant under the second count.