### UNITED STATES v. LANG et al.
### Criminal No. 38425.

District Court, E. D. New York.
Oct. 3, 1947.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Mario Pittoni, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Frederick Joubert Duquesne, pro se.

BYERS, District Judge.

The defendant Duquesne was convicted in this Court with others on or about December 12, 1941, of the conspiracy denounced by Title 50 U.S.C.A. § 34, having to do with disclosing information affecting the National defense, to a foreign government (Germany in this case).

The trial consumed nearly 13 weeks, and each defendant was represented by counsel throughout the proceedings, including the imposition of sentence.

No appeal was taken, by this defendant, who at once began serving an 18-year sentence.

Under date of August 22, 1947, he made a motion, copy of which was delivered to the United States Attorney for this District, which has been referred to the undersigned, who was the trial judge. For accuracy, the papers will be copied in all material respects:

"United States District Court
for the Eastern District of New York
"In Re: Case 38425
"A f f i d a v i t
"Motion in Forma Pauperis

"Comes now Frederick Joubert Duquesne, a prisoner in the U. S. Medical Center for Federal Prisoners, at Springfield, Missouri, and moves the Honorable Court to allow him to proceed in Forma Pauperis in the hereto attached petition for the good and sufficient reasons following, to wit:

"1. That your Petitioner has not the monies, property neither real nor personal to give as security for the cost incurred in the acquirement and production of the legal material named in the attached document.

"2. That your petitioner is a citizen of the United States, of sound mind and legal age and sincerely believes that he has a just cause which he intends to prosecute before the courts, and that the requested documents, names, records etc. are essential to his action.

"Wherefore, your petitioner having shown that he is entitled to receive the material requested in the attached motion, in Forma Pauperis, as provided by the law so that he may proceed with his legal action in the courts.

"Petitioner will ever pray.
"(Signed)   Frederick Joubert Duquesne
"Frederick Joubert Duquesne
"Petitioner"

"State of Missouri, County of Greene—SS.
"Subscribed to and sworn before me this 22nd day of August 1947 A.D.
"My Commission expires February 2, 1948.
"(Signed)   Robert R. Crockett
"Notary Public"
"United States District Court
for the Eastern District
of New York
"Case No. 38425

"A Motion to Subpoena Names of Arresting Officers, Material Papers and Witnesses, and the Production of a Certified Copy of the Record.

"To the Honorable Presiding Judge:

"1. Comes now, Frederick Joubert Duquesne, hereinafter referred to as petitioner, and after being first duly sworn, deposes and says: that he is in good faith and verily believes he is entitled to the information and documents sought herein.

"2. Petitioner who is bringing an action against the United States to contest the validity of his imprisonment, asserts that it is essential that he have the names and addresses of the arresting officers and the witnesses used before the grand jury to procure his indictment. Petitioner makes this request under rights secured by the Sixth Amendment of the United States Constitution and the laws concomitant thereto; which say and affirm that in all criminal prosecutions accused party shall enjoy the right to have compulsory process for obtaining witnesses, and that he shall have the right to be confronted by his accusers and the witnesses against him.

"3. Petitioner further, for the purposes of his action requests, the Court to supply him with a certified copy of the record of his trial in the Eastern District of New

York under the above case number as provided by law.

"4. Petitioner also requests the court to supply him with a copy of the sentence of his co-defendant Edmund Carl Heine.

"5. Petitioner here and now prays that this Honorable Court supply him under the seal and authority of this court with a certified list of the names of the men employed by the Federal Bureau of Investigation as agents who presented the evidence in his case before the Grand Jury, so that they can be subpoenaed in his action of Habeas Corpus in the court in which such action occurs, all pursuant to and with the stipulations of Section 656, Title 28 of the United States Code [28 U.S.C.A. § 656].

"6. Rule 41, sect. A of the Federal Rules of Criminal Procedure says that a judge or commissioner may issue a search warrant *within the district* wherein the property sought is located."

Paragraphs 7, 8 and 9 quote portions of Rule 41 as to Sections C, D, and F [18 U.S.C.A. following section 687] having to do with the issuance of a search warrant and the proceedings thereunder.

"10. Petitioner states that he was arrested in his home within the Southern District of New York and was taken into the jurisdiction of the court addressed, presided over by your honor, on the 30th day of June, 1941. Petitioner's home was searched, his automobile seized, searched and driven away; his mail seized and searched and valuable property was taken from his home.

"11. Petitioner states that under the law and Rules of Criminal Procedure for the District Courts of the United States the documents he requests herein are in the custody of this honorable court and he prays that the court honor his respectful demands so that he might prosecute his writ of Habeas Corpus to a finality.

"12. Petitioner who is a citizen is serving a term of 18 years and is now imprisoned in the Medical Center for Federal prisoners, at Springfield, Missouri.

"Affidavit
"State of Missouri, County of Greene—SS.

"Frederick Joubert Duquesne, the undersigned upon being duly sworn here states that he is the petitioner in the above MOTION and that the said instrument is correctly set forth and brought in good faith.

"Respectfully submitted,
"(Signed) Frederick Joubert Duquesne
"Frederick Joubert Duquesne

"Sworn to and subscribed before me this *22nd* day of August 1947 A.D.

"My Commission expires February 2, 1948
"(Signed) Robert R. Crockett
"Notary Public"

■ It will be observed that the defendant's apparent thought is that he is entitled to have the government furnish him with the papers, records and information specified, because he contemplates a habeas corpus proceeding to attack the legality of his detention pursuant to the sentence imposed upon him.

He is no longer a person accused of the commission of a crime, but a convicted felon, and the safeguards prescribed for the trial of accused persons according to the Sixth Amendment are not alleged to have been evaded in the conduct of his trial.

■ Habeas Corpus is not to be used as a writ of error, Eagles v. United States ex rel. Samuels, 329 U.S. 304, at page 311, 67 S.Ct. 313.

■ The Court is without power to comply with paragraph 3; since no appeal was taken, Title 28 U.S.C.A. § 9a(c) does not apply. See United States v. Strewl et al., 2 Cir., 162 F.2d 819, at page 820.

■ The provisions of Title 28 U.S.C.A. § 656 have no bearing since this defendant is not seeking the testimony of witnesses "on the trial of any criminal proceeding". The trial was had six years ago.

If there had been any substance to this defendant's objections to the search and seizure referred to in paragraph 10, the matter would have been presented at the trial, which was earnestly contested on the part of all defendants, whose several counsel cooperated actively throughout the long trial.

Motion denied in all respects. Submit order.