BERNER & FREEDMAN, a Corporation, Respondent, *v.* FRANK
WALKER and JACOB H. BITZ, Appellants.

(Supreme Court, Appellate Term, May, 1909.)

Limitation of actions — Disabilities and exceptions — Suspension in
general — Prior action — Applicability of statute to actions on
attachment bonds in Municipal Court.
Undertakings — Liability on undertakings — Extent of liability in gen-
eral; Interpretation of instrument.

> The provisions of sections 85 and 86 of the Municipal Court
> Act, relating to the giving of a bond upon a claim of a third
> party to property attached, are intended to make the sureties in
> the bond liable to the plaintiff in an attachment suit for the full
> value of the goods attached, without regard to the amount of
> his debt, leaving him liable to the defendant for any excess which
> he may recover from the sureties above the amount of his debt.

> The provisions of section 85 aforesaid, relating to the condition
> of such a bond, have reference to an action upon the bond brought
> by the plaintiff in the suit in which the attachment is issued and
> require that such an action be brought within three months after
> the giving of the bond.

> The provisions of section 405 of the Code of Civil Procedure,
> for a second action after the reversal of a judgment, are not ap-
> plicable to an action upon such a bond.

APPEAL by the defendants from a judgment in favor of
the plaintiff, rendered in the Municipal Court of the city of
New York, first district, borough of Manhattan.

Philip Cohen, for appellants.

Hartman & Levy (Hugo Levy, counsel), for respondent.

GILDERSLEEVE, J.   This appeal arises from the following
undisputed state of facts: The plaintiff herein, on July 20,
1908, brought an action in the Municipal Court against one
Sam Knee and another; and an attachment was issued and
a levy made upon the property alleged to be owned by the
defendants in that action.   The defendant Walker, claiming
to be the owner of the attached property, executed, with the

defendant Bitz, a bond and delivered the same to the marshal, who thereupon approved the same and released the attachment levy.

The condition of the bond, as provided for in section 85 of the Municipal Court Act, is: "That, in an action upon the bond to be commenced within three months thereafter, the claimant will establish that he was the general owner of the property claimed at the time of the seizure; or, if he fails so to do, that he will pay to the plaintiff the value thereof, with interest." Upon July 29, 1908, the plaintiff brought an action upon the bond, which action was adjourned from time to time, until November 12, 1908, when it was discontinued. On November 16, 1908, the present action was brought upon the bond, which it will be seen was some twenty-nine days over the three months' limitation specified in section 85, *supra,* within which an action must be begun. The defendants interposed a general denial and pleaded the statutory limitation named in said section 85. Plaintiff recovered a judgment, from which the defendants appeal. It is urged by the respondent herein that it was the duty of the appellants to begin the action upon the bond. The reading of section 85 alone would possibly leave this question in some doubt; but, by reading section 86 of the act, it is clear that the action named in section 85 is to be brought by the plaintiff in the attachment suit; as it provides that, if successful, the judgment must award to him the value of the property delivered to the claimant; and "if the amount so recovered exceeds the amount which the plaintiff recovers in the action in which the warrant of attachment was issued, he is liable to the defendant for the excess." In other words, it makes the sureties in the bond liable to the plaintiff in the attachment suit for the full value of the goods attached, no matter what the amount of the attachment debt may be, leaving the plaintiff in the attachment suit liable to the defendant in such suit for any excess recovered by the plaintiff in the attachment suit against the sureties in the bond, above the amount of the attachment debt. Moreover, the section provides that the action is to be brought "upon the bond;" and, if the sureties in the bond are to begin an

Supreme Court, Appellate Term, May, 1909.    [Vol. 63.

action upon the bond, such action, if plaintiff's reasoning be correct, must be brought against themselves. Concededly this action was not brought within the time limit of section 85. The plaintiff, however, seeks to evade this situation by invoking the provisions of section 405 of the Code of Civil Procedure. That section, so far as material herein, reads as follows: " If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance * * * the plaintiff * * * may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination." This section is a part of chapter four, and chapter four relates wholly to the " limitation of the time of enforcing a civil remedy." It specifies the several causes of action, and limits the time within which such actions must be commenced. Section 405 is one of the general provisions, applicable to the several special provisions of said chapter, and applies only to those several causes of action enumerated in said special provisions. It has no reference and is not applicable to a case of this kind, and section 414 expressly declares that the provisions of this chapter shall not apply to "A case, where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties." It is also the fact that the judgment roll of the previous action, offered in evidence in this action, shows, apparently, that such action was discontinued voluntarily by the plaintiff, or on plaintiff's application, which would, if true, be a barrier to plaintiff's second action under section 405, *supra,* even if said section was applicable.

DAYTON and GOFF, JJ., concur.

Judgment reversed and complaint dismissed, with costs to appellants in this court and in court below.