## UNITED STATES *v.* DURKEE FAMOUS FOODS, INC.*

No. 309. Argued January 10, 11, 1939.—Decided January 30, 1939.

---

* Together with No. 310, *United States* v. *Manhattan Lighterage Corp.,* and No. 311, *Colgate-Palmolive-Peet Co.* v. *United States,* also on appeal from the District Court of the United States for the District of New Jersey.

*Mr. Elmer B. Collins,* with whom *Solicitor General Jackson, Assistant Attorney General Arnold,* and *Messrs. N. A. Townsend* and *W. Marvin Smith* were on the briefs, for the United States.

*Messrs. Frank M. Swacker* and *Roger Hinds,* with whom *Messrs. Albert C. Wall, Thomas G. Haight, John A. Hartpence,* and *Mason Trowbridge* were on the briefs, for appellees.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The identical questions involved in these three cases require consideration of the Act December 27, 1927, (ch. 6, 45 Stat. 51, U. S. C. Title 18 § 582) which prescribes a three year limitation for offenses not capital; also the Act May 10, 1934 (ch. 278, 48 Stat. 772, U. S. C. Title 18 § 587) which specifies the time during which a new indictment may be returned after the first is found to be defective or insufficient for any cause.[1]

---

[1] Chapter 278:—AN ACT To limit the operation of statutes of limitations in certain cases.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That whenever an indictment is found defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned at any time during the next succeeding term of court following such finding, during which a grand jury thereof shall be in session.

Sec. 2. Whenever an indictment is found defective or insufficient for any cause, before the period prescribed by the applicable statute of limitations has expired, and such period will expire before the end of the next regular term of the court to which such indictment was returned, a new indictment may be returned not later than the end of the next succeeding term of such court, regular or special, following the term at which such indictment was found defective or insufficient, during which a grand jury thereof shall be in session.

Sec. 3. In the event of reindictment under the provisions of this Act the defense of the statute of limitations shall not prevail against

Reference to the facts disclosed by the Record in No. 309 will suffice.

During the April term 1934 the Grand Jury for the District of New Jersey returned an indictment charging appellee with violation of the Elkins Act (February 19, 1903, ch. 708, 32 Stat. 847, U. S. C. Title 49 § 41) on August 17, 1932. A motion to quash this was sustained, February 2, 1937, during the January, 1937 term. Later in the same term—April 9, 1937—the Grand Jury returned a second indictment against appellee based on the same facts and containing the same charges as those specified in the 1934 indictment.

To the second indictment appellee interposed what it designated a plea in bar. This alleged (1) that as the offense charged was committed more than three years preceding the return of the pending indictment prosecution was barred by the statute of limitations; (2) that the new indictment was not returned in conformity with the Act May 10, 1934 (note 1, *supra*), since it was reported at the term during which the first indictment was found defective—not at the succeeding one. This plea was sustained and the cause is here by direct appeal.

Counsel for appellants submit—

The Act May 10, 1934 prevented the bar of the statute of limitations from becoming effective until the end of the term next succeeding that during which the first indictment was quashed. The ruling of the trial court (1) is contrary to the purpose of the Act and not required by its language; (2) is contrary to the policy and frustrates the general object of the statute of limitations "to encourage promptitude in the prosecution of remedies";

the new indictment, any provision of law to the contrary notwithstanding.

Sec. 4. The provisions of this Act shall not apply to any indictment against which the statute of limitations has run at the date of approval hereof.

Approved May 10, 1934.

(3) creates unnecessary inconsistency between the two sections of the Act, and results in an illogical and unreasonable break within the period of limitation.

The Act of 1934 was passed upon recommendation of the Senate Judiciary Committee whose report stated that the purpose of the bill was set out in a letter from the Attorney General which it quoted.[2]

Inspection of this letter shows quite plainly that the bill as finally enacted undertook to do exactly what the Attorney General asked. The language is apt to express that purpose and we are without authority, by interpretation, to give the statute another meaning.

The challenged judgments must be

*Affirmed.*

---

[2]                                       JANUARY 17, 1934.

Hon. HENRY F. ASHURST,
   *Chairman Committee on the Judiciary,*
      *United States Senate, Washington, D. C.*

MY DEAR SENATOR: In some criminal cases the offense is not discovered until the statute of limitations has nearly run. In other cases defendants are not apprehended for some time or removal proceedings are instituted and appeals taken from habeas corpus orders refusing to release the defendant on removal order, and in still other cases dilatory motions are made with the hope that, if ultimately sustained, the statute of limitations will meanwhile have run against another prosecution. To safeguard the interests of the Government in such cases, legislation is recommended providing that in any case in which an indictment is found defective or insufficient for any cause, after the period prescribed by the statute of limitations has run, or where said period of limitations has not run but will expire before the end of the next regular session of court, a new indictment may be returned at any time during the first succeeding term of court at which a grand jury is in session. The judicial conference favors legislation of this tenor.

A draft of bill to effectuate this recommendation is enclosed herewith and I shall appreciate it if you will introduce it and lend it your support.

      Respectfully,                    HOMER CUMMINGS,
                                       *Attorney General.*