## UNITED STATES v. MAIN et al.
### No. 7514.

District Court, S. D. Texas,
Houston Division.

May 26, 1939.

Douglas W. McGregor, U. S. Dist. Atty., and George John, Asst. U. S. Dist. Atty., both of Houston, Tex.·

Clarence Kendall, of Houston, Tex., Charles H. Rowan, of Milwaukee, Wis., Elmer A. Johnson, of Cedar Rapids, Iowa, and Robert L. Cole and Wayne C. Depew, both of Houston, Tex., for defendants.

**ALLRED, District Judge.**

The indictment in this case is in seven counts. The first six are substantive counts charging violations of the mail fraud statute, 18 U.S.C.A. § 338. The seventh count charges a conspiracy (18 U.S.C.A. § 88) to violate Section 338 of 18 U.S.C.A.

Various pleas and motions to quash have been presented and orally argued before the Court. They may be grouped and discussed as follows:

### First Ground

Counts 1, 2 and 3, charging substantive violations of the mail fraud statute, set out in haec verba letters dated June 19, 1935, June 25, 1935, and July 25, 1935, respectively, the indictment not having been returned until March 1, 1939. The defendants urge that the transactions set out in these counts are barred by the three year statute of limitation. 18 U.S.C.A. § 582.

All the defendants were originally indicted in Criminal cause No. 7183, filed in this court March 2, *1938*. The original indictment contained seven counts, the *first* charging *conspiracy* and the remaining six substantive violations of the mail fraud statute, as in this case, and based upon the same letters. The original indictment was returned, therefore, within the three year limitatioin period. However, on February 9, 1939, the defendants filed a demurrer and motion to quash the original indictment based upon allegations that not a single count in the original indictment charged the commission of any offense against the laws of the United States of America.

On February 20, 1939, the Senior Judge of this court entered an order sustaining the defendants' demurrer to the indictment and granting the motion to quash. This order recites that the demurrer and motion was based "on the grounds that count one of said indictment, alleging a conspiracy to violate Title 18, Sec. 338, United States Code, 18 U.S.C.A. § 338 and counts two to seven, inclusive, of said indictment, alleging substantive violations of Title 18, Sec. 338, United States Code, 18 U.S.C.A. § 338, fail to charge the commission of offenses against the laws of the United States;" and further:

"And, it appearing to the Court, from defendants' demurrer to, and motion to quash, the indictment herein, and from the brief filed in support thereof, that said demurrer *should be sustained*, and the said motion to quash be granted:

"It is, therefore, ordered, adjudged and decreed, the Government agreeing, that defendants' demurrer to the indictment herein be and it is hereby sustained, and defendants' motion to quash be and it is hereby granted.

"And it is further ordered that said indictment be dismissed."

The second indictment was returned at the *next succeeding term* of this court after the above order was entered in the original case. The *government* contends that this procedure tolled the limitation statute by virtue of the Act of Congress of 1934, now Sections 587, 588 and 589 of Title 18, United States Code, 18 U.S.C.A. §§ 587–589.

The *defendants* urge that the first indictment brought against them was an absolute nullity and void; and therefore did not toll the running of limitation; that it was "not merely defective" but "stated no offense and was no indictment at all." They cite State v. Disbrow, 130 Iowa 19, 106 N.W. 263, 8 Ann.Cas. 190, which is not in point for the reason that it affirmatively appears that at that time Iowa had no statute such as the one under consideration here.

■ United States v. Strewl, 2 Cir., 99 F. 2d 474, 476, also cited by defendants, in my opinion holds against rather than for defendants' contention. In that case, decided by the United States Circuit Court of Appeals for the Second Circuit, Strewl, Oley, and Geary were indicted within the period of limitation along with four fictitious persons, called John Doe, James Doe, Thomas Doe and Richard Doe. Thereafter the government indicted the same three together with "other defendants" whose names, the government alleged, were not known and could not have been identified at the time of the returning of the first indictment. The Court says:

"Section 587 of Title 18 was enacted on May 10, 1934, after the crimes at bar had been committed and the first ransom indictment had been found, but before the statutory period of limitation had run. Although no case has yet arisen under it, *its prime purpose* is clear; *it is to prevent the failure of a prosecution because an indictment, found in season, proves insufficient in law.* Its normal occasion will be after the defendant succeeds on demurrer, or motion to dismiss: if the error can be corrected, it will not discharge the accused. *In such cases the correctness of the ruling which 'finds' the indictment bad, certainly ought not to be examined again,* for in most cases the prosecution cannot appeal, and the scope of the section would be greatly impaired, if it could be used only when the judge who dismissed the indictment was right. Whether the prosecution must await a move by a defendant, or whether, as here, he may move on his own initiative for a

finding that the indictment is 'defective or insufficient,' we need not now decide; but even if he may, the finding of the court cannot be similarly conclusive—at least not in a case like that at bar. The judge found the 1934 indictment 'insufficient' for no other reason than that the prosecution had discovered new principals to the crime; as it stood, it was concededly perfect against Strewl, Oley and Geary—not a syllable of it needed change. The consequence of his finding was therefore to allow ten new defendants to be indicted after the statute had run in their favor, or at least would have run had they not been fugitives. Section 587 certainly never meant to forfeit an immunity once gained: its purpose was, not to extend the period of limitation against persons not indicted, but to prevent the escape of those who had been seasonably indicted, but whose indictment was bad because of some corrigible mistake." (Italics mine).

Only one other case dealing with this statute has been reported—United States v. Durkee Famous Foods, Inc., 306 U.S. 68, 59 S.Ct. 456, 83 L.Ed. 492. The only point involved in the appeal, however, was whether a subsequent indictment, returned after the quashing of an original indictment but at the same term, complied with the statute authorizing indictment "during the next succeeding term." The Supreme Court held that it did not.

It will be noted that the statute (Sec. 587) contains very broad language. It reads: "Whenever an indictment is found *defective or insufficient for any cause,* after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned at any time during the next succeeding term of court following such finding, during which a grand jury thereof shall be in session." (Italics mine).

■ In my opinion, the statute never contemplated review of proceedings under the previous record other than to satisfy the Court that the defendants named in the succeeding indictment are the same persons listed in the prior indictment; and that the offenses, or transactions, upon which both indictments are based, are the same. To construe the statute as urged by defendants would virtually emasculate and render meaningless the 1934 Act of Congress.

■ I therefore hold that the present indictment, returned as it was at the next succeeding term of court after the order

sustaining the motion to quash the original indictment, meets the requirements of the Act; and that the offenses alleged in the first three counts of this indictment are not barred by limitation.

### Second Ground

Defendants move to quash the indictment on the ground that the letters set out in the substantive counts show upon their face that the alleged fraud was completed and terminated prior to the mailing of the letters and negative the probability that they were sent in furtherance of the scheme to defraud or to lull the recipients into a false sense of security as a means of inducing or encouraging them to make further payments as contributions to the fraudulent scheme. The proposition of law is sound if the letters, in fact, meet the test prescribed.

Briefly stated, the general scheme and device charged against the defendants is that, for the purpose of inducing people to send money and property to the defendants for coin operated vending machines, and confections, nuts, etc., the defendants made fraudulent pretenses and representations in general:

(1) Guaranteeing 120% profit or money back, never intending to return the money;

(2) Guaranteeing the investment to be fully protected with a $10,000.00 bond, never intending to furnish a legitimate protective bond;

(3) Exhibiting purchasers' purported unsolicited testimonial letters, knowing that such letters were not testimonials;

(4) Representing that the people to be defrauded were to receive a good paying job, or position, from defendants, without ever intending to give such positions;

(5) That they were to receive exclusive territories without defendants ever intending to give exclusive territories; and

(6) That the people to be defrauded would be sold as many additional vending machines on credit as they purchased for cash, whereas the defendants never intended to sell additional machines on a credit basis in the manner represented.

The letters, allegedly posted pursuant to the scheme, are too voluminous to be set out in this memorandum. On their faces they do not disclose any fraudulent intent or indicate any criminal or objectionable purposes. Indeed, they do not clearly indicate that they were in furtherance of the alleged scheme. I am not prepared to say at this time, however, that they "negative the probability that they were sent in furtherance of the scheme to defraud."

It is not necessary, under the statute, that the letters posted show on their faces that they were in furtherance of the scheme; they need not necessarily be criminal or objectionable or disclose a fraudulent purpose in themselves; they may be entirely innocent on their face; and they need not in themselves be calculated to carry out the scheme; yet *they must have some relation to and must be a step in the execution of the scheme.* Barnes v. United States, 8 Cir., 25 F.2d 61, and authorities therein cited. Where the scheme has been consummated and the letters show on their face that they probably could not have any effect in the execution, or furtherance of it, conviction will not be sustained. McNear v. United States, 10 Cir., 60 F.2d 861; Stewart v. United States, 8 Cir., 300 F. 769.

Upon the trial when the evidence is heard and the government has opportunity to sustain its allegations that the letters were in furtherance of the scheme, I will then be in position to more intelligently rule on this proposition. It may be an issue of fact for the jury. Muench v. United States, 8 Cir., 96 F.2d 332.

### Third Ground

The defendants urge, as to all counts, that the indictment is so vague, indefinite and uncertain as to charge no offense against them; and is not sufficiently clear to advise them as to what the government expects to prove.

With reference to the first six counts, the general nature of the scheme to defraud has already been summarized under the Second Ground of this memorandum. It is then averred that pursuant to such scheme the defendants posted the letters set out in the first six counts.

"The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may prove a former acquittal or conviction.'" Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 419, 76 L.Ed. 861; Asgill v. United

States, 4 Cir., 60 F.2d 780; and other authorities too numerous to mention.

■ I am of the opinion that the allegations of the indictment are sufficient to meet this test.

### Fourth Ground

To the 7th, the conspiracy count, the defendants lodge numerous objections, chief of which is that it does not allege with sufficient clarity what the scheme or conspiracy was; and that the government does not purport to incorporate in the 7th count the scheme and device to defraud described in the first six counts.

The 7th count follows the language of the conspiracy statute, 18 U.S.C.A. § 88. It then clearly alleges the purposes of the conspiracy and combination, being "to violate Sec. 338, Title 18, U.S. Code, 18 U.S. C.A. § 338," by using the United States Mails in furtherance of and to effect the object of said scheme and artifice; and that such use of the mails was then made.' It sets out 15 overt acts, allegedly committed pursuant to the conspiracy.

Defendants' objections are chiefly centered upon the following paragraph in count 7: "And of the connection of said defendants and coconspirators, and each of them, and divers other persons to the Grand Jurors unknown with said scheme and artifice to defraud, and descriptive of the use of the United States Mails and Post Office Establishment of the United States in furtherance of and to effect the object of said scheme and artifice to defraud, after they, the said defendants, coconspirators and other persons to the Grand Jurors unknown, had devised and intended to devise it, the said scheme and artifice, are herein incorporated by reference to Counts One to Six, inclusive, of this indictment and herein re-alleged as if again set forth at length and in full."

■ While the language quoted is not the clearest that could be employed, yet it clearly pleads and incorporates by reference counts one to six of the indictment.

"It is also an established rule that one count in an indictment may by proper reference incorporate, without repeating, the allegations more fully set out in another count. In such case the reference should be clear, specific, and leave no doubt as to what provision of another count is intended to be incorporated." Asgill v. United States, 60 F.2d 780, 783, supra, and authorities therein cited; Muench v. United States, 8 Cir., 96 F.2d 332; Hill et al. v. United States, 4 Cir., 42 F.2d 812, certiorari denied 282 U.S. 884, 51 S.Ct. 87, 75 L.Ed. 780.

■ In the present case there can be no doubt as to what provisions of the other counts are intended to be incorporated. All provisions of all other counts are expressly pleaded.

■ But the defendants say that if the scheme and device, as set out in the first count, is sufficiently incorporated by reference in the 7th count, then the pleader has limited the purpose for which it is incorporated by virtue of the peculiar language, "and of the connection of said defendants," etc., and "descriptive of the use of the United States Mails," etc. In my opinion, however, since all of the averments of each of the six counts are expressly incorporated by reference in the 7th count, they are there for all purposes. It is not necessary to charge in a conspiracy indictment the offenses which the defendants intended to commit with the same particularity that would be required in an indictment charging the offense itself. Hill et al. v. United States, 4 Cir., 42 F.2d 812, certiorari denied 282 U.S. 884, 51 S.Ct. 87, 75 L.Ed. 780; Craig v. United States, 9 Cir., 81 F.2d 816–821.

■ There is no merit to defendants' contention that the indictment should set out the names of all the persons who were defrauded. As defendants construe the indictment it charges that they intended to defraud only those persons who were induced to' part with their money. I do not think so. The indictment clearly says: "These persons whom the defendants *intended* to defraud by said fraudulent scheme constitute that part of the public at large who *would* and did answer certain advertisements in certain newspapers and pay over to the said defendants certain sums of money." (Italics mine).

Clearly this is a class of persons not capable of definite ascertainment by the pleader. Under such circumstances the pleading is sufficient. Berry v. United States, 9 Cir., 15 F.2d 634; Hyney v. United States, 6 Cir., 44 F.2d 134; Finnegan v. United States, 6 Cir., 231 F. 561.

■ Defendants further complain that the indictment as a whole is duplicitous in that in the first six counts, charging a scheme and artifice to defraud by the use of the mails, 17 named persons are charged with

being parties to such scheme or artifice; and that in count 7 it is charged that these same persons conspired with "divers other persons whose names are to the grand jurors unknown." There is no merit to this contention. Cooper v. United States, 5 Cir., 91 F.2d 195..

The motion to quash as well as the plea in bar, based upon limitation, will therefore be overruled.

Let an order be prepared in accordance with this memorandum.