**STREWL v. SANFORD, Warden.**

No. 11430.

Circuit Court of Appeals, Fifth Circuit.

Oct. 20, 1945.

Wesley R. Asinof, of Atlanta, Ga., for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

The petition for habeas corpus asserts that the court had not jurisdiction to try petitioner because the indictment on which he was arraigned charged a crime barred by limitation and was found at the same term of court at which a timely indictment had been found insufficient, whereas the law as it then stood, Act of May 10, 1934, § 1, 48 Stats. 772, 18 U.S.C.A. § 587, provided only for a new indictment at the next succeeding term. United States v. Durkee, 306 U.S. 68, 59 S.Ct. 456, 83 L.Ed. 492. This point was made and considered by the Circuit Court of Appeals on petitioner's appeal from his conviction, and the trial was upheld as good and lawful. United States v. Strewl et al., 2 Cir., 99 F.2d 474, certiorari refused 306 U.S. 638, 59 S.Ct. 489, 83 L.Ed. 1039, and rehearing denied 306 U.S. 668, 59 S.Ct. 590, 83 L.Ed. 1063. The question is res judicata and the decision is final, right or wrong. Moreover, it does not reach the jurisdiction of the court to try the case. If the new indictment was barred by limitation because not aided by the above cited Act, that was a matter of

defense to be tried by the court as a part of the trial of the case. An error in ruling on the question of limitation cannot be corrected by habeas corpus. Capone v. Aderhold, Warden, 5 Cir., 65 F.2d 130; Capone v. Aderhold, Warden, 5 Cir., 71 F.2d 160, certiorari denied 293 U.S. 598, 55 S.Ct. 115, 79 L.Ed. 691.

Judgment affirmed