## UNITED STATES v. STREWL et al.
### Docket No. 16130.

Circuit Court of Appeals, Second Circuit.
July 9, 1947.

William B. Moore, of New York City, for Strewl.

McGlone pro se.

Irving J. Higbee, of Syracuse, N. Y., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Strewl now moves that we recall our mandate and reopen his conviction, nearly ten years old, because the indictment

of 1934, on which we held that the conviction could be affirmed, had been superseded by the indictment of 1937, and that indictment had been returned at the same term of court as that at which the 1934 indictment had been found "insufficient."[1] We were aware of the Act of May 10, 1934, 18 U.S.C.A. § 587, at the time of the appeal, though of course not of the ruling of the Supreme Court which had not then been made. However, neither the statute, nor the ruling has anything to do with the case. It would have been material, if the 1934 indictment had been "found" by the court to be "insufficient," but it never was so found. As we said before at some length, exactly the opposite was the case; the indictment of 1934 was good, as against Strewl; its only "insufficiency" was that it failed to include other conspirators who were equally guilty as he. It is apparent from a mere glance at the statute that that is not the kind of "insufficiency" which Congress had in mind. The purpose was to extend the statute of limitations, so that a person who had been indicted under an indictment which, as it turned out, would not support a conviction, should not escape because the fault was discovered too late to indict him again. It would be absurd to apply it to a case where the indictment was perfectly good so far as it went, but did not include all those guilty. Strewl's argument comes to no more than a purely verbal interpretation of the word "insufficient," in disregard of the plain intent of the statute.

### McGlone's Case

McGlone has filed a petition which, so far as appears, has never been served upon the district attorney, but merely lies in our files. The points he raises all concern the kidnapping indictment.

First, he says that Browne, the attorney who represented him upon his appeal, was untruthful, when he said in his brief on appeal that the accused were too poor to present a complete record of the case. Browne did say so, but it by no means follows that he was untruthful; the trial took nearly two and one-half months and it is altogether possible that the accused would not pay for transcribing all the testimony. At that time there was no way to compel the United States to pay the cost in such cases; and in any event it would be almost certainly impossible now, after ten years, to get the minutes transcribed, even if under the present act the United States could be made to pay for them. Moreover, it does not appear in what respects the testimony, if printed, would have justified reversal.

In his second point—marked "Point 3"—McGlone complains that he was illegally removed from Alcatraz to the trial by Bryant, J. It is impossible to see how that could have prejudiced him. He says he was denied a hearing on the removal, but a hearing would have done him no good; there was no doubt of the power to remove him for trial. He seems to have mixed this up with his claim that he was protected by the three year statute, but that would not have been open to him to defeat removal.

In point three—called "Point 4"— he apparently means to claim that he could not dispute that he was a "fugitive" because he would have been obliged to testify to former convictions, and thus to incriminate himself. That is too absurd an argument to justify an answer.

In point four—called "Point 5"— he complains that Butler, his attorney at the trial, was forced upon him and was incompetent. He has waited ten years to complain of this; which is answer enough.

Both petitions are totally devoid of substance, even if we have power at the present time to entertain them at all; which we do not mean to suggest.

Petitions denied.

---

[1] United States v. Durkee Famous Foods, 306 U.S. 68, 59 S.Ct. 456, 83 L.Ed. 492.