Milton MENDE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16687.

United States Court of Appeals Ninth Circuit.

Sept. 26, 1960.

As Amended on Denial of Rehearing Oct. 25, 1960.

882

Walter M. Campbell, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Asst. U. S. Atty., Los Angeles, Cal., Henry P. Johnson, Asst. U. S. Atty., for appellee.

Before CHAMBERS, JERTBERG and KOELSCH, Circuit Judges.

CHAMBERS, Circuit Judge.

This is a mail fraud case. The first point on appeal concerns, because of statutes of limitations, the effect of bringing in a new indictment which dropped the word "either" and changed one "or" to "and," plus the substitution of the word "allegations" for the word "violations."

Mende was one of the principals in an enterprise of soliciting mail orders for towels and perfume by means of radio advertising. Financially the business was a flop. Radio stations generally didn't get paid for their broadcast time. Essentially the basis of three successive indictments was that Mende and his associates bought the radio time from widely scattered stations without intending to pay for it.

The mailing of a letter to each of eighteen different radio stations in connection with the buying of the time as part of the overall business was the core of eighteen separate counts. Convictions were had as to counts 2, 3, 7, 10, 11, 12, 14, 15 and 18. A three year sentence concurrent as to all counts was imposed. (We need not concern ourselves with additional counts which charged a mail fraud in connection with the failure to deliver orders to customers. Some of these counts were dismissed for failure of proof and on others the jury said: "Not guilty.")

The first indictment was returned April 9, 1958. On the counts here pertinent, the earliest mailing was on May 5, 1953, and the last on August 14, 1953. Thus, the original indictment was within the five-year period prescribed by 18 U.S.C. § 3282. The first indictment was, on defendant's motion, as to all pertinent counts dismissed on July 14, 1958.

A second indictment was returned on November 5, 1958. The mailings described in the counts were the same, but one facet of the original scheme was eliminated. There was no new matter in the second indictment. And the second indictment was timely because it was within the next term and the grace period of 18 U.S.C. § 3288, which reads as follows:

"Whenever an indictment is dismissed for any error, defect or irregularity with respect to the grand jury, or is found otherwise defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned not later than the end of the next succeeding regular term of such court, following the term at which such indictment was found defective or insufficient, during which a grand jury shall be in session which new indictment shall not be barred by any statute of limitations."

On November 19, 1958, the second indictment was dismissed on defendant's motion, and on the same day we have a third indictment returned, identical as to the critical counts except that paragraph 4 was different in the following respects:

| In the second indictment (as in the first) | In the third indictment |
| --- | --- |
| That those radio stations, managers, and representatives thereof, which had broadcast the advertising originally submitted by the defendants and which indicated that the broadcasting requested by the defendants would be terminated were further requested by the defendants to either continue the broadcasts or to cancel the broadcasts of specific advertising and replace it with other advertising submitted by the defendants; | That those radio stations, managers, and representatives thereof, which had broadcast the advertising originally submitted by the defendants, and which indicated that the broadcasting requested by the defendants would be terminated were further requested by the defendants to continue the broadcasts and to cancel the broadcasts of specific advertising and replace it with other advertising as submitted by the defendants; |

Mende's counsel, in an able brief, argues "a new indictment" in the grace statute means one indictment and one only. The trial court, in effect, ruled that any number of new indictments on the same subject matter and same defendants could be brought within the "next succeeding term" following the term in which the original indictment was dismissed for some deficiency.

Neither side finding square authority on the question, appellant marshals the cases holding that criminal statutes are construed strictly in favor of defendants. Also, he points to the possibility of repeated indictments harassing defendants after the five-year period has expired.

But it is not every proposition in criminal law that is construed strictly in favor of defendant. As a matter of simple English it is very plausible to argue that a man once indicted who has his indictment dismissed at the outset for insufficiency is subject to "double jeopardy" if he is reindicted on the same set of facts. While reindictments, particularly in a number of states, are limited by statutes, yet the law so grew up that something more than mere reindictment was required to constitute jeopardy.

We are not impressed with arguments that successive indictments during the extra term might be used to harass. Experience has shown that such an evil certainly has not been commonplace during the basic statutory period for indictment. And, we assume, if a prosecutor so lost sight of his sworn duty as to indulge in such a practice either during the period of the basic statute or the period of grace of § 3288 a court would properly stop abuse.

As we construe § 3288, "a new indictment" within the next term correlates such indictment under scrutiny with an indictment or indictments brought within the normal season of five years. And an intermediate indictment no longer material may be disregarded. That is to say we see no reason to apprehend a construction that statutory grace can be piled on statutory grace from term to term to the end of time. Surely one such period is all that is contemplated. We think the underlying concept of § 3288 is that if the defendant was indicted within time, then approximately the same facts may be used for the basis of any new indictment within the next term, if the earlier indictment

runs into legal pitfalls. We believe the draftsman would agree with our construction as to what he intended. And we think he did say it, even though appellant's argument is by no means frivolous.

Defendant asserts that there was insufficient evidence to take the case to the jury. We have gone over the entire record and conclude there is. On the other hand, the jury could have concluded that Mende and his associates were just bad businessmen and indifferent about their creditors. But the jury did not so conclude. Of course, the key question is intent. Though oft repeated, we must again say that intent seldom, except by admission, can be proved by direct evidence. From murder and treason down to petty mail fraud, it must be inferred.

Trial counsel for Mende was denied a continuance which he requested because of a facial affliction from which counsel was suffering. The transcript indicates that this trouble did not affect the quality of counsel's mental activity. And the same counsel secured the acquittal of a co-defendant and of Mende on many counts, including all the alleged frauds on buyers of merchandise. This sort of a specification is difficult to review, but we find nothing in the record to indicate an abuse of discretion.

Finally, appellant specifies as error the admission of certain exhibits such as mailing stickers, a general ledger and invoices and billing statements of radio stations. The mailing stickers are of no consequence and the invoices and billing statements are of little importance. The improper admission of the ledger would be serious. However, our examination of the transcript indicates that it was sufficiently identified. We think it comes within the business record rule of 28 U.S.C. § 1732(a). Appellant thinks it important that there was no substantive count in the indictment of conspiracy. We find that there was sufficient evidence of a common enterprise of the group of defendants to lay the foundation for the admission of the ledger. On the facts

here, the use of Robinson v. United States, 9 Cir., 33 F.2d 238, is more appropriate than Ilseng v. United States, 9 Cir., 120 F.2d 823, on which appellant relies.

Judgment affirmed.