**UNITED STATES of America, Plaintiff,**

v.

**Robert M. BAIR, Defendant.**

**No. 63–CR–80.**

United States District Court
E. D. Wisconsin.

Sept. 4, 1963.

---

James B. Brennan, U. S. Atty., by Philip L. Padden, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Matthew M. Corry, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

The defendant, Robert M. Bair, was indicted prior to April 15, 1963, for alleged violations of § 7206(2), Title 26 of the United States Code of Laws, which indictment stated that on or about April 15, 1957, said defendant violated said section. In June 1963, the indictment was dismissed by this court upon the ground that it was duplicitous. Subsequently the defendant was reindicted and charged with violating the same section, covering the same year; namely, 1957. The defendant has moved this court for an order dismissing Count I and Count II of the second indictment, claiming that said counts are barred by the statute of limitations contained in § 6531, Title 26 U.S.C.

The question under consideration is whether § 3288 of Title 18 U.S.C. allows reindictment after an indictment under Title 26, § 7206, is found defective and is dismissed subsequent to the applicable period of limitations having run.

This question appears to be one of first impression. This court has found no case either raising or deciding the precise question. No such case has been cited by either counsel. Many states have enacted statutes which provide, in varying terms, that where an action, timely begun, fails in some manner other than on the merits, another action may be brought within a stated period from the time of the failure. Such statutes are commonly referred to as "saving" or "renewal" statutes. Section 3288 of Title 18 falls into this class of statutes. It reads:

"Whenever an indictment is dismissed for any error, defect or irregularity with respect to the grand jury, or is found otherwise defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned not later than the end of the

next succeeding regular term of such court, following the term at which such indictment was found defective or insufficient, during which a grand jury shall be in session which new indictment shall not be barred by any statute of limitations."

■ In determining the scope of saving or renewal statutes, state courts have primarily depended on the specific language of the statute; but construction by state courts, even within the same jurisdiction, has not always been consistent. Compare Berner & Freedman v. Walker, 63 Misc. 262, 116 N.Y.S. 615 (1909), with Conolly v. Hyams, 176 N.Y. 403, 68 N.E. 662 (1903). As a result, there is little useful black-letter law which may be cited in determining how such general saving statutes apply to an action having its own specific statute of limitations. There are certain common guideposts which such courts have considered, in varying degrees, in determining the scope of the particular renewal statute. The basic guidelines are:

1. The presence or absence of specific restrictions in the renewal or saving statute.

2. Relative times of passage of the general renewal statute and the specific statute of limitations.

Section 3288 of Title 18 contains no specific restriction as to its application.

■ Defendant's counsel places heavy reliance upon the fact that the 1954 Internal Revenue Code has its own specific and distinct statute of limitations which was enacted subsequent to the passage of § 3288 of Title 18. That statute is § 6531 of Title 26 U.S.C. Based upon this fact, defendant's position is that the specific statute of limitations will always take precedence over a general statute when the specific statute has been enacted subsequent to the general statute. Generally, a special limitation statute will prevail over a previously enacted general limitation statute. But this rule is qualified to the extent that the specific statute will prevail only where the special provision is inconsistent with the general provision. Commonwealth v. Shimpeno, 160 Pa.Super. 104, 50 A.2d 39 (1946); Griffin v. United States, 270 F. 263 (D.C.Ga. 1921).

A reasonable reading of § 3288, Title 18, shows no inconsistency with the specific statute of limitations contained in the Internal Revenue Code. The language of § 3288, Title 18, is broad and all-inclusive. Section 6531 of Title 26 merely provides for a six-year period of limitations for the offense with which the defendant is charged and reads in part as follows:

"No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitations shall be 6 years—

&ast; &ast; &ast; &ast; &ast; &ast;

"(3) for the offense of willfully aiding or assisting in, or procuring, counseling, or advising, the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return, affidavit, claim, or document &ast; &ast; &ast; ;"

■ Nothing in § 3288, Title 18, is inconsistent with § 6531, any more than § 3288, Title 18, is inconsistent with § 3282, Title 18, the general statute of limitations. Section 3288, Title 18, is based on the former § 587 of Title 18. Its purpose is to permit a new indictment and thereby extend the statute of limitations in criminal cases, so that a person who had been indicted under an indictment which would not support a conviction should not escape because the fault was discovered too late to indict him again. United States v. Strewl, 162 F.2d 819 (2d Cir. 1947); Hughes v. United States, 114 F.2d 285 (6th Cir. 1940); United States v. Main, 28 F.Supp. 550 (S.D.Texas 1939).

The language of the statute is clear. It refers to "an indictment" which is

dismissed for any error. It is not restricted to Title 18 indictments. Nor does it contain any proviso, such as contained in § 3282, Title 18, the general statute of limitations, wherein it is not to be applied to indictments under titles having their own specific statutes of limitation.

Further, § 3288, Title 18, has been applied to a nontitle 18 indictment in the case of United States v. Durkee Famous Foods, Inc., 306 U.S. 68, 59 S.Ct. 456, 83 L.Ed. 492 (1939), where the predecessor to § 3288 was applied to a Title 49 indictment. The case is not entirely analogous, since Title 49 does not contain its own statute of limitations as does Title 26. The important feature about the Durkee case is that the United States Supreme Court took pains to analyze the specific intent behind the statute and found it best summarized in a letter from the United States Attorney General to the chairman of the United States Senate Judiciary Committee wherein he stated, in part, at page 71 of 306 U.S., at page 457 of 59 S.Ct.:

> "In some criminal cases the offense is not discovered until the statute of limitations has nearly run. * * * To safeguard the interests of the Government in such cases, legislation is recommended providing that in *any* case in which an indictment is found defective or insufficient for any cause, after the period prescribed by the statute of limitations has run, * * * a new indictment may be returned * *." (Emphasis added.)

The legislative intent behind § 3288, Title 18, would exist equally in any criminal prosecution, whether it be one under Title 18, Title 26, or some other title. This is the reason for the broad language which encompasses all criminal actions where the statute of limitations has run before a defective indictment is dismissed.

▮ In light of the language of § 3288, Title 18 U.S.C., and the legislative intent behind the passage of this section, it is the opinion of this court that §

3288, Title 18, does apply to Title 26 criminal indictments. Therefore, the defendant's motion to dismiss Count I and Count II of the indictment must be and it is hereby denied.