**UNITED STATES of America**

**v.**

**Barnett MOSKOWITZ, Defendant.**

**No. 72 CR 516.**

United States District Court,
E. D. New York.

March 8, 1973.

Robert A. Morse, U. S. Atty., by James A. Pascarella, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

Saxe, Bacon & Bolan, by Roy M. Cohn, New York City, for defendant.

## MEMORANDUM ORDER

NEAHER, District Judge.

On April 13, 1972, defendant, Barnett Moskowitz, was charged in an eight-count indictment, 72 CR 431, with willfully and knowingly attempting to evade income tax due and owing to the United

States by preparing, signing and mailing fraudulent income tax returns on behalf of himself and his wife and willfully and knowingly subscribing joint individual income tax returns for the years 1965 through 1968. 26 U.S.C. § 7201, 7206(1). A superseding indictment, 72 CR 516, was filed on May 9, 1972, altering the first count of the original indictment by changing the amount of tax which defendant had listed as due and owing for the 1965 calendar year from $495.57 to $269.93. The second count was altered by deleting the allegation that defendant had listed $1866.20 as his taxable income for 1965 when he knew the true amount to be $15,679.11 and adding the claim that he had listed his gross receipts at $17,030.07 when he knew the true and correct amount was $30,842.98. The first two counts of the initial indictment have never been dismissed.

Defendant now seeks to dismiss the first two counts of the new indictment, 72 CR 516, as barred by the applicable six-year statute of limitations. The government concedes the second indictment was filed more than six years after the alleged offense but attempts to analogize the superseding indictment to a dismissal and reindictment pursuant to 18 U.S.C. § 3288, which reads:

"§ 3288. Indictment where defect found after period of limitations.

"Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, or an indictment or information filed after the defendant waives in open court prosecution by indictment is found otherwise defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations."

The government is in error. 18 U.S.C. § 3288 reads "whenever an indictment is *dismissed* . . . " (emphasis supplied). Here, as noted there has been no dismissal to trigger the statute. Since the language of the predecessor to 18 U.S.C. § 3288 has been strictly interpreted, United States v. Durkee Famous Foods, Inc., 306 U.S. 68, 59 S.Ct. 456, 83 L.Ed. 492 (1939), the government's reliance on a superseding indictment to activate the statute must be rejected. The proper course for the government in such cases is to dismiss the initial indictment, 72 CR 431, Rule 48(a), F.R. Crim.P., United States v. Chase, 372 F. 2d 453 (3 Cir.), cert. denied 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967); and reindict within six months of the dismissal.

Accordingly, it is ordered that counts one and two of indictment 72 CR 516 be dismissed.