**UNITED STATES of America, Plaintiff,**

**v.**

**David HILL, Defendant.**

**No. 79–450–CR–EPS.**

United States District Court,
S. D. Florida,
Miami Division.

May 5, 1980.

Ian Comisky, Asst. U. S. Atty., Miami, Fla., for plaintiff.

Donald Bierman, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

SPELLMAN, District Judge.

Defendant David Hill has filed an appeal before the Court from the Magistrate's denial of his motion to dismiss the indictment. Defendant raised four issues in this appeal. He argues that an indictment by an invalidly empaneled grand jury is not an "error, defect or irregularity with respect to [a] grand jury", and therefore is not within the jurisdiction of 18 U.S.C. § 3288 which permits reindictment six months after dismissal; that the first count should be dismissed since the Government altered that count in the second indictment; that § 3288 does not apply to Title 26 prosecutions; and that an indictment based on hearsay has tainted the grand jury process to such an extent in this case as to be valid grounds for dismissal. For the following reasons, this Court adopts the Report and Recommendation of the Magistrate and denies the motion to dismiss.

### I. 18 U.S.C. § 3288 Applies to an Invalidly Empaneled Grand Jury

This Court in dismissing this indictment the first time has already noted the probability that § 3288 [1] applies to the present case and that the Government could proceed through reindictment. See *United States v. Hill*, 480 F.Supp. 1223, 1228 (S.D. Fla.1979). Nothing raised by defendant in his petition before this Court refutes that position. In *United States v. Macklin*, 535 F.2d 191 (2d Cir. 1976), a court held that reindictment under § 3288 was proper when defendant was indicted by a void grand jury. In *Macklin*, the grand jury was lawfully constituted, but was extended illegally beyond its statutory period. In ruling that § 3288 applied to that case, the Second

---

1. 18 U.S.C. § 3288 states in pertinent part:
   "Whenever an indictment is dismissed for any error, defect or irregularity with respect to the grand jury, . . . a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, if no regular grand jury is in session . . . ., within six calendar months of the date of when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations."

Circuit stated that lack of jurisdiction was one of the "defects" that § 3288 was meant to apply to. The Second Circuit reviewed the legislative history of the section and its forerunner statute, The Act of May 10, 1934, ch. 278, 48 Stat. 772 in the *Macklin* case. In analyzing the purpose of the saving clause of that Act, the court cited *United States v. Strewl*, 162 F.2d 819, 820 (2d Cir. 1947). A review of that opinion and the other authorities leads this Court to conclude that § 3288 was meant to apply exactly to this type of situation.

In *Strewl*, the Second Circuit stated: "[t]he purpose [of the saving clause is] to extend the statute of limitations, so that a person who has been indicted under an indictment which, as it turned out, would not support a conviction, should not escape because the fault was discovered too late to indict him again."

The interpretation of this language by this Court construing it to apply to an invalidly empaneled grand jury, as well as a validly empaneled one extended beyond its lawful term, is also supported by a letter from the Attorney General of the United States to the Chairman of the Committee on the Judiciary, cited in *United States v. Durkee Famous Foods*, 306 U.S. 68, 71, n. 2, 59 S.Ct. 456, 457, 83 L.Ed. 492 (1939), discussed *supra* in Part III of this opinion.

The defendant cites *United States v. Civic National Bank*, 390 F.Supp. 1342 (W.D. Mo.1974) in support of his position. That case is inapposite to the case at bar. The Government in *Civic National* proceeded by way of information the second time against the defendant, instead of by way of indictment. The district judge held that the government must have proceeded by way of indictment, and dismissed the information. The language of the district judge relevant to the issue before this Court is that section 3288 "refers exclusively to the formal written charge of a criminal offense returned

by a *duly empaneled grand jury.*" 390 F.Supp. at 1344 (emphasis added by this Court). The judge cites no authority for this proposition, and the language involving "duly empaneled" is clearly dicta as the accompanying footnote indicates. *Id.* at n. 3. No appeal was taken by the government of that dismissal. See *United States v. Barket*, 530 F.2d 189, 190 n. 3 (8th Cir. 1976).

█ Based on the legislative history of the statute and the authorities cited above, this Court holds that reindictment pursuant to 18 U.S.C. § 3288 is proper when the first indictment was returned by an illegally empaneled grand jury.

## II. The Facts Underlying Both Indictments Are Approximately the Same

█ The defendant contends that since the Government has reindicted him on a slightly different charge, § 3288 was not meant to apply to situations such as the case at bar. In Count I of the second indictment, the defendant is charged with "attempting" to evade taxes. The original Count I makes no mention of the word "attempting". Both charges are pursuant to 26 U.S.C. § 7201.[2] The language of this section mentions the word "attempts". It is clear from the indictment that the Government has not attempted to charge defendant Hill with a lesser included offence. The issue is whether the facts upon which the second indictment was brought are "approximately the same" as the facts upon which the first indictment was brought. *United States v. Mende*, 282 F.2d 881 (9th Cir. 1960); *United States v. Charnay*, 537 F.2d 341, 354 (9th Cir. 1976).

█ The factual allegations in the two indictments are exactly the same. The only change is that Count I of the second indictment charges Hill with attempting to evade taxes as opposed to evasion thereof. Hill is still charged under 26 U.S.C. § 7201. This

2. 26 U.S.C. § 7201 provides:
   "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution."

Court holds that this discrepancy is not substantial enough to bring the second indictment outside the purview of § 3288. As the *Mende* case indicates it is the facts underlying the indictment, not the specific charge alleged that is crucial in determining whether indictment is proper under § 3288. *Mende* involved a similar alteration of the indictment between the fourth count of the second indictment and that of the third.

### III. § 3288 Applies to Title 26 Prosecutions

 Defendant has also argued that § 3288 was not intended to apply to Title 26 prosecutions, since Title 26 has its own statute of limitations. Defendant maintains this despite the express holding to the contrary in *United States v. Porth*, 426 F.2d 519 (10th Cir. 1970), that § 3288 does apply to Title 26. This Court has reviewed the authorities and the legislative history of the statute, and concludes this assertion is in error.

In *United States v. Durkee Famous Foods*, 306 U.S. 68, 59 S.Ct. 456, 83 L.Ed. 492 (1939), the Supreme Court set out in a footnote of that opinion, a letter from the Attorney General of the United States to the Chairman of the Judiciary Committee stating the purpose of § 3288's predecessor, The Act of May 10, 1934. In that letter, the Attorney General stated:

> "[t]o safeguard the interests of the Government in such cases, legislation is recommended providing that *in any case* in which an indictment is found defective or insufficient for *any cause* . . . , a new indictment may be returned at any time during the first succeeding term of court at which a grand jury is in session.

306 U.S. at 71, n. 2, 59 S.Ct. at 458, n. 2. (emphasis added by this Court).

Based upon the *Porth* case and the applicable legislative history of § 3288, this Court sees no valid reason to prevent the Government from proceeding through reindictment under this section.

 Finally, the use of hearsay testimony is a sufficient basis upon which to return an indictment, and this Court finds no authority or reason to overturn the indictment on those grounds. See *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 1440 (1956); *United States v. Martinez*, 466 F.2d 679 (5th Cir. 1972).

Based on the above and foregoing, it is hereby ORDERED and ADJUDGED that the motion to dismiss is DENIED.