# IN THE COURT OF APPEALS OF IOWA

No. 17-1226
Filed November 21, 2018

**DONALD JOSEPH DOCKERY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, James M. Richardson, Judge.

Donald Dockery appeals the denial of his application for postconviction relief. **REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Donald Dockery, Council Bluffs, pro se.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Donald Dockery appeals the denial of his application for postconviction relief (PCR). He contends: (1) his PCR counsel rendered ineffective assistance in not raising plea counsel's failure to challenge the factual bases underlying the crimes of third-degree theft and ongoing criminal conduct and (2) the PCR court erred in denying relief on the claim that plea counsel was ineffective in failing to challenge the factual bases for another component of the theft charges.[1]

## I.  Background Facts and Proceedings

The following facts can be gleaned from the minutes of evidence. Detective Clark of the Council Bluffs Police Department received a report from an individual in the state of Washington that such individual, as consideration for "exotic car parts," wired money to Dockery via Western Union, but he never received the goods. Clark contacted Western Union and obtained documentation concerning the transaction and other transactions in which Dockery was the recipient of funds. The documentation showed the money involved in the transaction with the Washington resident was picked up at a convenience store in Iowa. Staff at the convenience store reported to Clark that Dockery frequently received Western Union funds at the store and he lived just a few blocks away. Clark tracked down

---

[1] In his pro se materials, Dockery additionally contends his plea counsel was ineffective in failing to challenge jurisdiction and, because he "did not enjoy the benefit of his probation," his convictions should be vacated. Because Dockery provides us with no legal authority to support his pro se contentions, we deem them waived. *See* Iowa R. App. P. 6.903(2)(g)(3); *Ingraham v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) (refusing to assume "a partisan role and undertake the appellant's research and advocacy"); *Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995) ("We do not utilize a deferential standard when persons choose to represent themselves. The law does not judge by two standards, one for lawyers and another for lay persons. Rather, all are expected to act with equal competence. If lay persons choose to proceed pro se, they do so at their own risk." (citations omitted)).

Dockery and interviewed him. In the interview, Dockery admitted to "scamming people out of money" so he can survive and advised "he has a way with words and could talk anyone out of just about anything." Upon further investigation, Clark discovered, between May 5 and August 25, 2008, a total of twenty-one transactions occurred involving nineteen different individuals wiring money to Dockery, which Dockery retrieved in Iowa, in expectation of receiving car parts or sports tickets that were ultimately never received.[2] Clark additionally reviewed Dockery's criminal history and found "other cases of fraud." A Nebraska law enforcement agency "sent [Clark] ten separate cases involving Donald Dockery pulling the same scam back in 2002." Clark discovered Dockery "ha[d] been convicted before for this scam in Nebraska." The minutes of evidence note Dockery's prior convictions elevate each theft to theft in the third degree under Iowa Code section 714.2(3) (2008).

Dockery was charged by trial information with ongoing criminal conduct and twenty counts of third-degree theft. As to the theft charges, the trial information alleged Dockery took "possession or control of the property of another, with the intent to deprive the lawful owner thereof, while having been twice convicted before of theft." In February 2009, Dockery agreed to plead guilty to the ongoing-criminal-conduct charge and five counts of third-degree theft in return for the State's recommendation that he receive consecutive suspended sentences in the amount of twenty-five years for the ongoing-criminal-conduct charge and two years for each of the theft charges and be placed in a residential correctional facility.

---

[2] Clark discovered a number of other victims and similar transactions in which the money was retrieved in Nebraska instead of Iowa.

Dockery stipulated the minutes of testimony contained adequate factual bases for the charges and pled guilty. The court accepted the pleas, Dockery requested immediate sentencing, and the court sentenced him in accordance with the terms of the plea agreement and placed him on probation.[3]

In June 2009, the district court found Dockery violated the terms of his probation, found him in contempt, and sentenced him to 180 days in jail. In March 2010, the court found Dockery again violated the terms of his probation. The district court revoked Dockery's probation and reinstated his original sentence. Dockery filed a pro se notice of appeal, which the district court treated as a PCR application. *See State v. Allen*, 402 N.W.2d 438, 441 (Iowa 1987) ("[P]robation revocation can be challenged only by application for postconviction relief and not by direct appeal."). In a later application, Dockery made claims relative to jurisdiction and extradition and additionally argued his transcripts were altered, newly discovered evidence existed, and he received ineffective assistance of counsel. This PCR action was dismissed by the district court in September 2013. Dockery appealed this ruling and additionally instituted a second PCR action while the first was pending on appeal. The district court dismissed the second action, concluding it "is not a new application" and "no new cause of action is stated or new relief requested." Dockery likewise appealed from this ruling.

In January 2016, this court reversed both dismissals and remanded both PCR matters to the district court for further proceedings. *See generally Dockery*

---

[3] Although Dockery pled guilty to five counts of third-degree theft, the district court, in its written sentencing order, only entered judgment of conviction and imposed sentence as to four of the counts.

*v. State*, No. 14-0101, 2016 WL 351255 (Iowa Ct. App Jan. 27, 2016); *Dockery v. State*, No. 13-2067, 2016 WL 351251 (Iowa Ct. App. Jan. 27, 2016). Following the issuance of procedendo, the district court consolidated the PCR cases. In March, Dockery filed an amended PCR application. Therein he argued his plea counsel was ineffective in failing to challenge the factual bases underlying his guilty pleas to third-degree theft and his counsel in the revocation proceedings "labored under an impermissible conflict of interest." In September, Dockery filed a pro se amendment to his application repeating his challenges to jurisdiction and extradition and his claim of newly discovered evidence. In March 2017, Dockery added additional claims that the State breached the plea agreement and he did not enjoy the benefit of probation because he was a fugitive during his probationary period. A PCR trial was held in late March, after which the district court rejected each of Dockery's claims and dismissed the PCR application. The district court denied Dockery's subsequent motions for expanded findings and relief. This appeal followed.

## II.    Standard of Review

Dockery forwards claims of ineffectiveness of both plea and PCR counsel. We review such claims de novo. *State v. Henderson*, 908 N.W.2d 868, 874 (Iowa 2018); *see Lado v. State*, 804 N.W.2d 248, 250–51 (Iowa 2011). Dockery must establish (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v.*

*McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

### III. Analysis

Dockery argues his PCR counsel was ineffective in not arguing plea counsel rendered ineffective assistance in failing to challenge the factual bases for Dockery's pleas as they "related to the alternative of theft that was charged." The trial information charged Dockery with a violation of Iowa Code section 714.1(1), alleging he committed "Theft in the Third degree by taking possession or control of the property of another, with the intent to deprive the lawful owner thereof, while having been twice convicted before of theft." Dockery maintains "the record at the plea proceeding did not establish thefts by taking as charged under Iowa Code section 714.1(1), but rather thefts by deception under Iowa Code section 714.1(3)" and, because he was charged with the wrong crimes, PCR counsel should have raised plea counsel's failure to challenge the factual bases for his pleas to theft by taking. The State agrees factual bases are lacking for the theft alternatives Dockery was charged with and pled guilty to, theft by taking. *See State v. Nall*, 894 N.W.2d 514, 525 (Iowa 2017). But the State implies a lack of prejudice, arguing "[t]here is no reason to think the defendant's trial strategy or decision whether to plead guilty would have changed if the State relied on the proper theft alternative."

However, the first and only inquiry in a guilty-plea ineffective-assistance situation is whether the record shows a factual basis for the plea. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). This is because "[w]here a factual basis for a charge does not exist, and trial counsel allows the defendant to plead

guilty anyway, counsel has failed to perform an essential duty," and "[p]rejudice is inherent in such a case." *Nall*, 894 N.W.2d at 525 (citations omitted). Consequently, the State's concession that factual bases were lacking is sufficient for us to conclude plea counsel and, by extension, PCR counsel were ineffective in failing to challenge the factual bases underlying Dockery's guilty pleas to theft in the third degree.

The primary dispute in this appeal concerns the appropriate remedy. Dockery maintains he is entitled vacation of his theft convictions and dismissal of the charges. He further argues the State is not entitled to refile the theft charges because the statute of limitations contained in Iowa Code section 802.3 has expired. The State counters that it is entitled to refile charges or amend the trial information to allege the correct theft alternative.

The crime of ongoing criminal conduct is a class "B" felony, while theft in the third degree amounts to an aggravated misdemeanor. *See* Iowa Code §§ 706A.4, 714.2(3). Section 802.3 provides that "an indictment or information for a felony or aggravated or serious misdemeanors shall be found within three years after its commission." Here, the State charged Dockery with these crimes by trial information within the statute of limitations. As discussed above, however, the information contained an error—it charged Dockery with the wrong alternative of theft. "If a defect, error, or irregularity is discovered in any . . . information which . . . causes same to be . . . reversed on appeal, a new . . . information may be found within thirty days after such action notwithstanding the time limitations enumerated in" section 802.3. *Id.* § 802.9. The United States Code contains a similar provision, *see* 18 U.S.C. § 3288, the purpose of which is to extend the

statute of limitations so that a person who has been charged cannot escape criminal liability simply because a defect was discovered in the charging document too late to recharge the defendant again.[4] We find section 802.9 indicates a similar intent on the part of our state legislature. Accordingly, we reject Dockery's claim the State is not entitled to refile charges because the three-year statute of limitations contained in Iowa Code section 802.3 has expired.

Here, Dockery's pleas to third-degree theft and ongoing criminal conduct were entered pursuant to a plea agreement. "The proper remedy when counsel fails to perform an essential duty by not challenging a plea for lack of factual basis when the plea is a result of a plea bargain is to invalidate the *entire plea bargain* . . . and remand the case to the district court." *State v. Allen*, 708 N.W.2d 361, 369 (Iowa 2006) (emphasis added). This includes invalidation of the guilty pleas to all charges as well as the State's agreement to dismiss other charges. *See id.* at 368–69; *see also State v. Blanchard*, No. 13-0342, 2013 WL 6405373, at *2–3 (Iowa Ct. App. Dec. 5, 2013). "On remand, the State may reinstate any charges dismissed in contemplation of a valid plea bargain, if it so desires, and file any additional charges supportable by the available evidence." *Allen*, 708 N.W.2d at 369.

In conclusion, we find plea counsel rendered ineffective assistance in failing to challenge the factual bases underlying Dockery's guilty pleas to third-degree

---

[4] *See, e.g.*, *United States v. Durkee Famous Foods*, 306 U.S. 68, 69–71 & n.2 (1939); *United States v. Charnay*, 537 F.2d 341, 353–54 (9th Cir. 1976), *cert. denied* 429 U.S. 1000 (1976); *United States v. Macklin*, 535 F.2d 191, 193 (2d Cir. 1976); *United States v. Porth*, 426 F.2d 519, 522 (10th Cir. 1970), *cert. denied* 400 U.S. 824 (1970); *Hattaway v. United States*, 304 F.2d 5, 10 (5th Cir. 1962); *United States v. Strewl*, 162 F.2d 819, 820 (2d Cir. 1947), *cert. denied* 332 U.S. 801 (1947); *Hughes v. United States*, 114 F.2d 285, 288 (6th Cir. 1940).

theft and PCR counsel rendered ineffective assistance in failing to recognize and raise the same issue in the PCR proceedings. As such, we reverse the denial of PCR. We remand the case to the district court to enter judgment in favor of Dockery finding plea counsel rendered ineffective assistance. The district court shall order Dockery's sentences be set aside and invalidate the entire plea agreement by vacating all convictions. Subject to the provisions of section 802.9, the State may reinstate any charges dismissed as part of the plea agreement and file any additional charges supportable by the available evidence. Based on our disposition, we find it unnecessary to consider Dockery's remaining challenges.

**REVERSED AND REMANDED.**