**UNITED STATES of America,
Plaintiff,**

v.

**CIVIC PLAZA NATIONAL BANK,
Defendant.**

**No. 74 CR 160 W–4.**

United States District Court,
W. D. Missouri, W. D.

June 25, 1974.

---

Robert Schneider, Paul A. White, Asst. U. S. Attys., Kansas City, Mo., for plaintiff.

Bernard D. Craig, Kansas City, Mo., John J. Hennelly, Jr., Veryle L. Riddle, Robert F. Scoular, St. Louis, Mo., for Civil Plaza National.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

On October 11, 1973, the above-named defendant was indicted by a federal grand jury in one count of a three count indictment, charging a violation of 18 U.S.C. § 610. The indictment alleged the date of the charged offense to have been October 15, 1968. On November 23, 1973, this indictment was dismissed for failure to comply with the provisions of Rule 7, F.R.Cr.P. See United States v. Alexander J. Barket and Civic Plaza National Bank, No. 73–CR–231–W–1 (W.D.Mo.1973). The instant prosecution was commenced on May 21, 1974, by the filing against this defendant of a one count information charging the identical offense that had been charged in Count I of the dismissed indictment (as against this defendant). This matter is presently before the Court to consider the motion of defendant to dismiss the instant information as barred by the applicable statute of limitations. For the reasons set forth below, the motion will be sustained and the information dismissed.

The applicable statute of limitations in this cause is 18 U.S.C. § 3282, which provides that

> "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

In the instant case, the alleged offense is asserted in both the original indictment and the instant information to have occurred on October 15, 1968. Hence, the statute of limitations, as expressed in 18 U.S.C. § 3282, expired on October 15, 1973, after the filing of the indictment but before the indictment was dismissed. In this situation the applicability of 18 U.S.C. § 3288 is triggered. That statute provides as follows:

> "Whenever an indictment is dismissed for any error, defect or irregularity with respect to the grand jury, or an indictment or information filed after the defendant waives in open court prosecution by indictment is found otherwise defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, *a new indictment may be returned* in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment

or information, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, *which new indictment shall not be barred by any statute of limitations*." [Emphasis added].

Defendant contends that the only way a new prosecution can be instituted under these circumstances is by the manner prescribed by 18 U.S.C. § 3288, that is, by indictment only. The United States contends that this interpretation is too narrow an interpretation of the statute.

■ The position of the United States, in essence, is that in enacting Section 3288 in its present form, the Congress did not intend to limit the manner in which the second prosecution could be instituted to indictment only. That contention is without merit. In terms of statutes of limitations in criminal cases, the Congress clearly knows the differences between indictments and informations. See, for example, 18 U.S.C. § 3282, 18 U.S.C. § 3283, and 18 U.S.C. § 3286.[1] Further, Section 3288 specifically contemplates situations in which prosecutions instituted by information are involved, and nevertheless expressly states that the new prosecution will be by indictment.[2] Plaintiff is suggesting that this Court read into the statute

something that is simply not present in that statute. Had Congress intended prosecutions commenced under this Section to be by either indictment or information, it would have so stated, and it did not.

The conclusion that Congress meant only indictment, and not indictment and/or information in Section 3288 as the means of instituting any reprosecution under that section is further strengthened by the legislative history behind that Section. Nowhere in the legislative history of this Section in its present or previous forms is there any suggestion that a reprosecution under this section could be commenced otherwise than by indictment. See, for example, Senate Report No. 1414, U.S. Code Congressional and Administrative News, 88th Congress, Second Session, 1964, at pp. 3257–3260, and United States v. Durkee Famous Foods, 306 U. S. 68, 59 S.Ct. 456, 83 L.Ed. 492 (1939). As noted in Hattaway v. United States, 304 F.2d 5 (5th Cir. 1962), the term "indictment" in Section 3288 does not include charges brought by information, but refers exclusively to the formal written charge of a criminal offense returned by a duly empaneled grand jury.[3]

■ Plaintiff suggests that a dismissal of the information will do violence to the purpose of the statute, and cites Judge Learned Hand's opinion in United

---

1. For example, 18 U.S.C. § 3282 states that no person shall be prosecuted etc., "*unless the indictment is found or the information is instituted*," within the applicable period of limitation.

2. Plaintiff suggests that the phrase "a new indictment *may* be returned" in Section 3288 indicates that an indictment is not the exclusive method of reinstitution of a prosecution under this section. This contention misreads the clear language involved. The word "may" refers to whether or not a new prosecution will be instituted, and not the method of any such new prosecution.

3. Plaintiff's suggestion that the 1964 amendment to Section 3288 broadened the method of reprosecution under the section is not tenable. The 1964 amendment, which was

provoked by the decision in Hattaway v. United States, supra, only enlarged the scope of Section 3288 in terms of when the operation of that statute is triggered. Before the 1964 amendment Section 3288 did not apply to a situation in which a defective information had been dismissed, but was limited to the situation in which a defective indictment had been dismissed. The 1964 amendment to Section 3288 allows that statute to be triggered by the dismissal of an indictment or an information filed after a defendant has waived indictment in open court. The 1964 amendment did in no way, however, alter the method set forth in the statute for the reinstitution of the dismissed prosecution, which was and is to be by indictment only.

States v. Strewl, 162 F.2d 819 (2d Cir. 1947) cert. den. 306 U.S. 638, 68 S.Ct. 92, 92 L.Ed. 381. As cited by plaintiff, that purpose is as follows:

"to extend the statute of limitations, so that a person who has been indicted under an indictment which could not support a conviction, should not escape because the fault was discovered too late to indict him again."

That purpose is not violated by this Court's holding today. The United States had six months from the date of the dismissal of the original indictment to seek a new indictment. It merely did not do so.

Plaintiff's final contention is that as this cause could have been instituted by information initially,[4] that in this case the information filed constitutes the "substantive equivalent" of an indictment, and that therefore the motion to dismiss should be denied. However, whether or not this cause could have been properly instituted by information is not in issue in the present posture of this case. This prosecution is barred by the statute of limitations (18 U.S.C. § 3282) unless the limitation period is extended by another statute. 18 U.S.C. § 3288 extends that period for six calendar months, (or until May 23, 1974) only under the terms of that section. Hence, under the instant facts, the only manner in which this prosecution may stand in face of the statute of limitations is for an indictment to be returned within the six month provision of the statute, or before May 23, 1974. As no indictment was returned on or before that date, this prosecution is barred by the applicable statute of limitations, 18 U.S.C. § 3282, and accordingly the information must be dismissed.

For the reasons stated above, the information filed by the United States against this defendant in this cause is hereby dismissed.

It is so ordered.

4. This Court expresses no opinion with respect to this assertion of plaintiff.